ODOM, Justice.
 

 According to plaintiffs’ allegations, the automobile in which they were riding collided with a truck operated, with the consent and permission of the owner, by J. Avery Richard, Jr., and as a result of the collision they received personal injuries. The collision took place in the Parish of Iberia. Plaintiffs are residents of the State of Minnesota, and the owner of the truck has his domicile in the Parish of Vermilion, this state. The Commercial Standard Insurance Company, a Texas corporation authorized to do business in this state, had insured the owner of the truck against liability imposed upon him by law for damages sustained by any person or persons caused by accident arising out of the ownership and use of the truck. The Secretary of State, whose residence • and domicile is in Baton Rouge, East Baton Rouge Parish, is the agent of the insurance company in this state, on whom service of process may be made. The insurance company has “acquired a qualified residence within
 
 *259
 
 the state for the purpose of its business, and became domesticated, at least, for all purposes of jurisdiction and legal procedure”. Pittman Bros. Const. Co. v. American Indemnity Co., 194 La. 437, 193 So. 699, 700.
 

 Plaintiffs brought their suits against the insurance company alone to recover damages caused by the collision, which collision, they alleged was due solely to the fault and negligence of the driver of the truck. They brought their suits in the Parish of East Baton Rouge.
 

 The insurance company filed an exception to the jurisdiction of the court “ratione personae and ratione materiae” in each of the cases. The exceptions were overruled by the trial court, and the insurance company applied to this court for writs, which were granted.
 

 In the policy of insurance issued by the defendant in this case, it is stipulated that action shall not lie against the company unless, as a condition precedent thereto, the insured shall have complied with all the conditions thereof, “nor until the amount of the insured’s obligation to pay shall have been finally determined either by judgment against the insured after actual trial or by written agreement of the insured, the claimant, and the company.”
 

 Under this express provision of the policy, plaintiffs have no right of action against the insurance company to recover the amount of damages which they claim, because the insured’s obligation to pay them has not been finally determined either by judgment or by agreement. But plaintiffs are not bound by that stipulation in the policy because they have a statutory right to proceed directly against the insurance company, and against it alone. The provisions of the statute prevail, of course, over the stipulations in the policy. The statute which gives them the right to proceed against the company directly is Act No. 253 of 1918, as amended and reenacted by Act No. 55 of 1930, the act as amended reading in part as follows:
 

 “Provided further that the injured person or his or her heirs, at their option, shall have a right of direct action against the insurer company within the terms, and limits of the policy,
 
 in the parish where the accident or injury
 
 occurred,
 
 or in the parish where the assured has his domicile,
 
 and said action may be brought either against the insurer company alone or against both the assured and the insurer company, jointly and in solido.” (Emphasis ours.)
 

 The plaintiffs in bringing their suits took advantage of the provisions of this statute and brought them against the insurance company, and against it alone, and, having done so, they are bound by its provisions relating to the place where such suits are to be brought. They brought their suits in East Baton Rouge Parish, the domicile in this state of the insurance company. Their counsel argue, and the judge held, that, since the company alone was sued, plaintiffs selected the proper forum, because Article .162 of the Code of Practice provides that:
 

 “It is a general rule in civil matters that
 
 one must be sued before his own judge,
 
 
 *260
 
 that is to say, before the judge having jurisdiction over the place where he has his domicile or residence, and shall not be permitted to elect any other domicile or residence for the purpose of being sued, but this rule is subject to those exceptions expressly provided by law.”
 

 Counsel for plaintiffs argue that the “general rule” laid down by Article 162 of the Code is applicable here.
 

 Counsel for the insurance company point out that the Code, after stating the general rule, says “but this rule is subject to those exceptions expressly provided by law”, and they say that the general rule laid down by the Code as to the place where “one must be sued” is not applicable to suits of this character, but that such suits, as relate to the forum, are governed by an exception “expressly provided by law”, the law cited and vrelied upon being Act No. 55 of 1930, which provides that the injured person or his or her heirs, at their option, shall have a right of direct action against the insurer company, within the terms and limits of the policy, “in the parish where the accident or injury occurred, or in the parish where the assured has his domicile”.
 

 Counsel for the insurance company argue that, under the provisions of this statute, these plaintiffs had a right to bring their suits either in the Parish of Iberia, where the accident occurred, or in the Parish of Vermilion, where the assured has his domicile, but not elsewhere. Their contention, in sum, is that what the act means when it says that the injured person shall have a right of direct action against the insurer company “in the parish where the accident or injury occurred, or in the parish where the assured has his domicile” is that, as to the place where actions of this character may be brought, jurisdiction is limited or restricted to the parishes referred to. They concede that suits against this insurance company, grounded upon ordinary causes of action, may be brought in the Parish of East Baton Rouge, where the Secretary of State has his domicile. But they argue that the same law, Act No. 55 of 1930, which conferred upon injured persons the right to sue the insurer company alone in cases of this kind, went further and prescribed the territorial limits within which such suits must be brought, not where they may be brought, as contended by counsel for plaintiffs and as held by the trial judge.
 

 Plaintiffs’ counsel argue that the language of the act, in so far as it relates to jurisdiction, is not restrictive but merely permissive. In other words, they say that the act confers upon injured persons the right to file their suits in such parishes and, at the same time, leaves to them the privilege of suing the insurer at its domicile.
 

 Act No. 55 of 1930 granted to persons injured or damaged by a motor vehicle covered by insurance against liability a privilege which they did not theretofore have. It gave to them “a right of direct action against the insurer company” alone, to recover such damages as they may have sustained by the fault of the insured. Under Act No. 253 of 1918, they had no “right of direct action” against the insurer except in cases where the insured was
 
 *261
 
 insolvent or bankrupt. But, under Act No. 55 of 1930, which amended the act of 1918, the injured person or his heirs may in all cases maintain a direct action against the insurer, under the terms and limits of the policy.
 

 Immediately following the provision in the act which grants to injured persons a right of direct action against the insurer company, there is written into the act the following provision: “in the parish where the accident or injury occurred, or in the parish where the assured has his domicile”.
 

 If, by writing into the act this special provision, the Legislature did not intend that such actions should be brought only in the parish where the accident or injury occurred or in the parish where the insured has his domicile and not elsewhere, then that provision of the act was inserted for no purpose at all. If that special provision had not been written into the act, injured persons could have brought their suits either in the parish where the accident occurred or in the parish where the insured has his domicile, under the provisions of Paragraph 10, Article 165 of the Code of Practice, as amended by Act No. 130 of 1926. That paragraph of the article relates exclusively to suits on policies of insurance. When Act No. 55 of 1930 was adopted, Paragraph 10 of Article 165 of the Code of Practice read as follows:
 

 “10. Insurance. In all suits on a policy of fire, life, marine, or accident insurance or sick benefit insurance, the defendant may be sued at the domicile of the insurance company, or in the place where its principal agency is established, or in the parish where the loss occurred, or in case of life insurance, at the domicile of the deceased or his beneficiary,
 
 or in case of accident insurance, at the domicile of the insured, or in the parish where the accident occurred, or in the parish where the accident policy was written,
 
 and in case of sick benefits at the place where the claimant resides at the time of his sickness.” (Emphasis ours.)
 

 Article 165 of the Code of Practice was amended and reenacted in its entirety by Act 282, page 1169, of 1940. No change whatever was made by the amendment in Paragraph 10 of that article except that the words “medical protective” were inserted immediately following the word “marine”.
 

 While this paragraph of the Code does not specifically mention automobile policies such as the one here involved, it was held in the case of Lawrason v. Owners’ Automobile Ins. Co., 172 La. 1075, 136 So. 57, 58, 77 A.L.R. 1412, that such policies are accident policies within the meaning of Paragraph 10, Article 165 of the Code of Practice permitting suit to be brought on an accident insurance policy in the parish where the accident occurred. That was a-suit to recover damages for injury resulting from an automobile accident which occurred in the Parish of East Baton Rouge. Plaintiffs brought a direct action against the insurer company in the Parish of East Baton Rouge, which they had a right to do under Act No. 253 of 1918, in force at the time the injury occurred on May 18, 1929, because the insured was in
 
 *262
 
 solvent. The insurance company in that case had its domicile in the City of New Orleans, and it excepted to the jurisdiction on that ground. The exception was overruled by the trial court, and the ruling was affirmed by this court. We held that the automobile policy involved was, “in effect, one of accident insurance in favor of the person injured”, and, therefore, since the accident and injury occurred in the 'Parish of East Baton Rouge, plaintiff had a right to bring his suit there, under Article 165 of the Code of Practice, which specifically provides that, “in case of accident insurance”, the insurer company may be sued “at the domicile of the insured, or in the parish where the accident occurred”.
 

 Clearly, if the words “in the parish where the accident or injury occurred, or in the parish where the assured has his domicile” had been left out of the 1930 act these plaintiffs could have brought their suits in any one of three parishes — the Parish of East Baton Rouge, where the insurer company has its domicile; the Parish of Iberia, where the accident and injury occurred, or the Parish of Vermilion, where the insured has his domicile — , under Article 165 of the Code of Practice as it read at the time the act was adopted. So, if, as counsel for plaintiffs argue, the sole purpose of writing into- the 1930 act the words above quoted was to grant to the injured party the privilege of suing the insurer company in the parish where the accident or injury occurred or in the parish where the insured has his domicile, then the Legislature stands convicted of doing a vain and idle thing, because, under the Code of Practice as it read at that time, they already had that right.
 

 We can think of no reason, and none has been suggested to us by counsel, why the Legislature said in the 1930 act that the injured person or his or her heirs shall have a right of direct action against the insurer company “in the parish where the accident or injury occurred, or in the parish where the assured has his domicile”, if it did not intend that they should not have such right of action elsewhere.
 

 The trial judge in his written opinion said:
 

 “In my opinion, even if Act '55 of 1930 had said nothing about the places where a suit of this kind can be brought, that is, a suit against the insurer alone, the same could nevertheless, be brought
 
 either in the parish where the accident or injury occurred or in the parish where the, insured was domiciled.
 
 * * * In a word, it is my opinion that Act 55 of 1930 instead of limiting the jurisdictions in which a suit might be brought against an insurance company alone, merely repeated the existing rule that those solidarily liable can be sued either at the place where the trespass or damage occurred or at the domicile of the party at fault,
 
 without in any way abridging the right of the plaintiff to bring such action at the actual or statutory domicile of the insurance company.”
 

 If, as the judge says, the Legislature “merely repeated the existing rule that those solidarily liable can be sued either at the place where the trespass or damage occurred or at the domicile of the party at
 
 *263
 
 fault, without in any way abridging the right of the plaintiff to bring such action at the actual or statutory domicile of the insurance company”, the question which necessarily arises is: Why did the Legislature write into the act of 1930 a provision which, as the judge said, is a repetition of the “existing rule”, when that was wholly unnecessary? Furthermore, if the Legislature intended merely to repeat the existing rule relating to the place or places where suits of this character are to be brought, why did it not repeat, in its entirety, the rule laid down in Paragraph 10 of Article 165 of the Code of Practice as it then existed, which general rule was that suits on policies like the one here involved might be brought either at the domicile of the insurance company, at the place where the accident occurred, or at the place where the insured had his domicile? It could have done that merely by-adding the words “or at the domicile of the insurer company”. With these words added, the existing rule would have been repeated in its entirety.
 

 The Legislature must have had some purpose in putting into the act, without mentioning the domicile of the company, the provision to which we have referred. Our opinion is that its purpose was to change the “existing rule” and to limit the jurisdiction of such suits to the parishes mentioned in the act.
 

 It is suggested that these cases are not distinguishable from the case of Pittman Bros. Constr. Co. v. American Indemnity Co., 194 La. 437, 439, 193 So. 699, where it was held that the indemnity company, surety on a subcontractor’s bond, could not be sued in the Parish of Calcasieu, where the contractor’s work was done, because the bonding company had its Louisiana domicile in East Baton Rouge Parish. In that case, the bonding company executed a bond in which it bound itself unto Pittman Brothers Construction Company, the principal contractor, for the faithful performance of the obligations undertaken by the subcontractor to perform certain work in the Parish of Calcasieu; whereas, in the cases presently before us, the policy involved, in effect at least, is an accident policy.
 

 It is suggested that, if we accept the contention made by the exceptor, the insurance company, it would be necessary for us to interpret the word “may” appearing, in the statute to mean “shall” or “must”. The word “may” appears only once in the statute, and that is in the clause immediately following the word “domicile”, the clause reading as follows: “and said action may be brought either against the insurer company alone or against both the assured and the insurer company, jointly and in solido”.
 

 It is clear, we think, that the word “may” as used in that clause relates to the option granted the injured person of bringing his suit either against the insurer company alone or against both it and the insured jointly and in solido.
 

 There were three separate suits filed against the insurance company in East Baton Rouge Parish, each growing out of the same accident and based on the same cause of action. An exception to the jurisdiction was filed in each of the cases.
 
 *264
 
 Since the issue involved was the same in each of the cases, they were consolidated in the district court, and our ruling applies to each of them.
 

 For the reasons assigned, the judgment of the district court is set aside, the exceptions to the jurisdiction are sustained and plaintiffs’ suits are dismissed at their costs.
 

 O’NIELL, C. J., concurs and hands down an opinion.
 

 HIGGINS, J., concurs in the decree.
 

 FOURNET, J., concurs in the result.
 

 McCALEB, J., concurs with written reasons.