Nona Mae CHAMBLESS, individually and as Guardian of the persons and estates of Debora Chambless, Brenda Chambless and Jerry Wayne Chambless, Minors, Plaintiff,

v.

NATIONAL INDUSTRIAL LAUNDRIES, a corporation, and Firemen's Fund Indemnity Company, a corporation, Defendants.

Civ. A. 2202.

United States District Court
E. D. Texas, Tyler Division.
March 7, 1957.

Charles F. Potter, of Spruiell, Lowry, Potter & Lasater, Tyler, Tex., for plaintiff.

Eugene Cavin, of Ramey, Calhoun, Brelsford, Hull & Flock, Tyler, Tex., for defendants.

SHEEHY, Chief Judge.

Plaintiff, a resident and citizen of Smith County, Texas, individually and as Guardian of the persons and estates of her minor children, Debora Chambless, Brenda Chambless and Jerry Wayne Chambless, is seeking to recover the damages she alleges she and her said minor children sustained because of the death of her husband, John E. Chambless, whose death occurred on October 2, 1956, as a result of injuries he received in a motor vehicle collision which occurred on that date in the State of Louisiana between a truck in which said John E. Chambless was riding and a truck owned by the Defendant, National Industrial Laundries, and being operated by an employee of said National Industrial Laundries while in the course of his employment with said National Industrial Laundries. The National Industrial Laundries is a New Jersey corporation. A recovery is sought against the Firemen's Fund Indemnity Company, a California corporation, because of and under a policy of public liability insurance, covering the National Industrial Laundries truck involved in the collision, it had previously issued to National Industrial Laundries, which policy of insurance was in full force and effect at the time of said collision.

The Defendant, Firemen's Fund Indemnity Company, filed a motion to dismiss this action as to it, and the Defendant, National Industrial Laundries, filed a motion to dismiss this action as to the Defendant, Firemen's Fund Indemnity Company. The parties have filed briefs as to the questions presented by said motions to dismiss. A hearing on said motions has been had and said motions are now before the Court for determination.

The policy of insurance issued by the Firemen's Fund Indemnity Company, above referred to, provides, in effect, that no action shall lie against the Firemen's Fund Indemnity Company unless, as a condition precedent thereto, the amount of the insurer's obligation to pay shall have been finally determined either by judgment against the insured after actual trial or by written agreement of the insured, the claimant and the Firemen's Fund Indemnity Company.

The Plaintiff contends that this action may be maintained against the Firemen's Fund Indemnity Company, hereinafter referred to as the Indemnity Company, under Louisiana Statutes Annotated—Rev.Stat. 22:655 (1950).[1] The Defendants contend, in support of the motions to dismiss, that the right to sue the insurer directly as given by the Louisiana "direct action statute", just mentioned, is procedural and not substantive, and, therefore, since under the law of Texas such a direct action against the insurer as is this action cannot be maintained, this action as against the Indemnity Company cannot be maintained in this Court. In support of this contention the Defendants rely on Wells v. American Employers' Insurance Company, 5 Cir., 132 F.2d 316. There is no question but what the decision in the Wells case would compel this Court to sustain the motions to dismiss provided that decision is still the law. Is it still the law? I think not. As pointed out by

1. The pertinent part of this statute reads as follows: " * * * The injured person or his or her heirs, at their option, shall have a right of direct action against the insurer within the terms and limits of the policy in the parish where the accident or injury occurred or in the parish where the insured has his domicile, and said action may be brought against the insurer alone or against both the insured and the insurer, jointly and in solido. This right of direct action shall exist whether the policy of insurance sued upon was written or delivered in the State of Louisiana or not and whether or not such policy contains a provision forbidding such direct action, provided the accident or injury occurred within the State of Louisiana."

the Court of Appeals for the Fifth Circuit in Fisher v. Home Indemnity Co., 198 F.2d 218, 221, the holding in the Wells case to the effect that the right of direct action against the insurer under the Louisiana "direct action statute" was procedural was made because the Louisiana courts were then holding that such statute was procedural and the Court of Appeals for the Fifth Circuit accepted those holdings as authoritative. It is further pointed out in the Fisher case that the Court of Appeals for the Fifth Circuit, subsequent to the decision in the Wells case and in New Amsterdam Casualty Co. v. Soileau, 167 F.2d 767, 769, 6 A.L.R.2d 128, undertook to determine for themselves the effect of the said "direct action statute" and determined that such "direct action statute" gave a substantive right to the injured party to a direct action against the insurer. It is further pointed out in the Fisher case that, in West v. Monroe Bakery, 217 La. 189, 46 So.2d 122, decided subsequent to the Wells decision, the Supreme Court of Louisiana likewise held that the Louisiana "direct action statute" gave to the injured party a substantive right to bring an action against the insurer. Insofar as I can determine that holding of the Supreme Court of Louisiana is still the recognized law in Louisiana. Not only do the Court of Appeals for the Fifth Circuit and the Supreme Court of Louisiana now take the view that the right of action against the insurer given an injured party by the Louisiana "direct action statute" is a substantive one, but so does the Supreme Court of the United States as evidenced by its decision in Lumbermen's Mutual Casualty Company v. Elbert, 348 U.S. 48, 75 S.Ct. 151, 99 L.Ed. 59.

■ As another ground for their motions to dismiss the Defendants contend that the joinder of the Indemnity Company in an action of this type is contrary to the public policy of the State of Texas. If the permitting of such an action is in fact contrary to the public policy of Texas, this Court should not permit the action,[2] but I have been cited to no authority and have found none which indicated that Texas' refusal to allow a direct action by the injured party against a liability insurer is founded or based on public policy. It is evident the Courts of Texas have refused direct actions against the insurer by the injured person because of their recognition of the validity and binding effect of the "no action" provisions similar to those provisions in the policy in question, which "no action" provisions or similar ones are almost invariably included in insurance policies similar to the one here in question, and not because of public policy.[3]

■ Consideration has been given as to whether the Louisiana statute in question, by virtue of its provision for direct action "in the parish where the accident or injury occurred or in the parish where the insured has his domicile", is not by its own terms applicable only to actions brought within the State of Louisiana. The U. S. Court of Appeals for the Second Circuit in Collins v. American Automobile Insurance Co., 230 F.2d 416, 423, held that the provisions of such statute are not limited to actions brought within the State of Louisiana. In making such holding that court took the view that the provisions of the statute just quoted were but requirements of place of suit which did not carry beyond the limits of a Louisiana forum. The injured person's right of action against the insured created by the Louisiana direct action statute is a transitory cause of action, and that being so, the State of Louisiana would have no right to limit such right of action to the extent that it could be brought only in a court of Louisiana.[4]

---

2. Bell v. Phillips, 5 Cir., 152 F.2d 188.

3. American Indemnity Co. v. Martin, Tex. Com.App., 126 Tex. 73, 84 S.W.2d 697; Kuntz v. Spence, Tex.Com.App., 67 S.W. 2d 254; and Ray v. Moxon, Tex.Civ.App., 56 S.W.2d 469 and cases therein cited.

4. Texas Pipe Line Co. v. Ware, 8 Cir., 15 F.2d 171, writ of certiorari denied 273 U.S. 742, 47 S.Ct. 335, 71 L.Ed. 869; and Ellis v. Associated Industries Ins. Corporation, 5 Cir., 24 F.2d 809.

The motions to dismiss this action as to the Defendant, Firemen's Fund Indemnity Company, will be overruled.