Desmond, J.
Plaintiff, a resident of -New York State who suffered personal injuries in an automobile accident in Louisiana, brought, to recover his damages, this suit in the Supreme Court of this State against defendant Maryland Casualty Company which had issued in Louisiana a liability insurance policy covering the automobile in which plaintiff was a passenger when injured.
.The only question before us is whether plaintiff may bring such a suit in this State — in other words, will our courts enforce Louisiana’s “direct action” statute? The pertinent part of that law (La. Rev. Stat., tit. 22, § 655) is this: “No policy or contract of liability insurance shall be issued or delivered in this state, unless it contains provisions to the effect that the insolvency or bankruptcy of the insured, shall not release the insurer from the payment of damages for injuries sustained or loss occasioned during the existence of the policy, and any judgment which may be rendered against the insured for which *493 the insurer is liable which shall have become executory, shall be deemed prima facie evidence of the insolvency of the insured, and an action may thereafter be maintained within the terms and limits of the policy by the injured person or his or her heirs against the insurer. The injured person or his or her heirs, at their option, shall have a right of direct action against the insurer within the terms and limits of the policy in the parish where the accident or injury occurred or in the parish where the insured has his domicile, and said action may be brought against the insurer alone or against both the insured and the insurer, jointly and in solido * * *. This right of direct action shall exist whether the policy of insurance sued upon was written or delivered in the state of Louisiana or not and whether or not such policy contains a provision forbidding such direct action, provided the accident or injury occurred within the state of Louisiana.” (Italics supplied.)
The Appellate Division, dismissing the suit, assigned two reasons for nonenforcibility in New York: first, that under the statute’s language and its interpretation in Louisiana the venue restriction to certain parishes is an integral part and limitation of the right of action; and, second, that such a direct action against an insurance company is in opposition to New York’s public policy of eliminating from the jury’s consideration the fact of insurance (see Simpson v. Foundation Co., 201 N. Y. 479; Smith v. Majestic Iron Works, 2 N Y 2d 544). Another argument from public policy suggested by the Appellate Division (see 1 A D 2d 126) and urged by defendant is that under the Louisiana statute (see Jackson v. State Farm Mut. Automobile Ins. Co., 211 La. 19; West v. Monroe Bakery, 217 La. 189) the insurer is deprived of some of the defenses available to it under New York law (see Insurance Law, § 167, subd. 1, par. [b]; Coleman v. New Amsterdam Cas. Co., 247 N. Y. 271, 275).
Of those asserted grounds for nonapplicability in New York of the Louisiana statute we shall consider the first only since it without more is sufficient basis for dismissal. We agree with the Appellate Division that, on the face of the statute and by its wording and arrangement, the limitation whereby suits may be brought in the appropriate Louisiana parishes only is inseparable from the cause of action itself (see Miller *494 v. Commercial Std. Ins. Co., 199 La. 515), And this interpretation is strongly supported by Louisiana administrative practice. Defendant’s policy of insurance contained the conventional prohibition against direct suits, etc. Despite that policy provision, defendant as a condition precedent to doing business in Louisiana was required (La, Rev, Stat., tit. 22, § 983, snbd. E) to consent to suits by persons injured in Louisiana accidents. The consent form, prepared and furnished by the Secretary of State and Insurance Commissioner of Louisiana and signed by this defendant, gives consent to direct suits “in the State of Louisiana”. Defendant was never asked to agree nor did it ever agree that a direct suit could be brought against it elsewhere than in Louisiana.
The judgment should be affirmed, with costs.
Chief Judge Conway and Judges Dye, Fulp, Froessel, Van Voorhis and Burke concur, w
Judgment affirmed.