**Allie Fay O'Rand POWELL, Appellant,**

v.

**Earl PENNY, Appellee.**

**No. 7198.**

Court of Civil Appeals of Texas.

Texarkana.

April 12, 1960.

Rehearing Denied May 3, 1960.

Jones, Brian & Jones, Marshall, Robert F. Salmon, Linden, for appellant.

Atchley, Russell & Hutchinson, Texarkana, for appellee.

CHADICK, Chief Justice.

This is a common-law tort action. The judgment of the trial court is reversed and a new trial is ordered.

Sidney Stanton O'Rand, age 21, died as a result of injuries received when he was thrown from a 1957 Ford automobile driven by Earl Penny when the vehicle collided with a roadside tree November 8, 1958. O'Rand and his 23 year old companion left Linden, Texas, between 3:00 and 3:30 in the afternoon to visit Bud's Place a short distance across the Texas line in Louisiana. They were returning at about 11:30 p. m. and were some five miles northwest of Vivian in Caddo Parish, Louisiana, when Penny, the owner and driver of the automobile, lost control and the fatal mishap occurred. Other relevant facts will be stated in the course of the opinion. This suit was brought in Cass County, Texas. The plaintiffs were the surviving parent of O'Rand, his mother, Mrs. Allie Fay O'Rand Powell and her second husband, Obed Powell, the appellants here. Defendants were appellees Earl Penny and Travelers Indemnity Company.

In the trial court the appellants as plaintiffs pled that O'Rand was a guest passenger in Penny's automobile and due to Penny's negligence he was thrown from the vehicle and killed. Liability of Penny was based upon the res ipsa loquitur doctrine, and alternately four acts of primary negligence were charged to be the proximate cause of O'Rand's injuries and death. The law of Louisiana relating to guests and to direct action against liability insurers was specially pled. In Limine, the Travelers Indemnity Company filed a motion to abate the action against it and drop it as a party to the suit. The motion was granted. The disposition to be made of the case makes it unnecessary to notice the pleading of the defendant Penny. Though it is appropriate to state that on trial before a jury all special issues submitted were answered favorably to Penny and judgment was entered that appellants take nothing.

The controlling question in the appeal is the effect, under the circumstances of this case, of Louisiana LSA-R.S. 22:655, known as the Louisiana Direct Action Law, reading as follows:

"No policy or contract of liability insurance shall be issued or delivered in this state, unless it contains provisions to the effect that the insolvency or bankruptcy of the insured shall not release the insurer from the payment of damages for injuries sustained or loss occasioned during the existence of the policy, and for any judgment which may be rendered against the insured for which the insurer is liable which shall have become executory, shall be deemed prima facie evidence of the insolvency of the insured, and an action may thereafter be maintained within the terms and limits of the policy by the injured person, or his or her survivors mentioned in Revised Civil Code Article 2315, or heirs against the insurer. The injured person or his or her survivors, hereinabove referred to, or heirs, at their option, shall have a right of direct action against the insurer within the terms and limits of the policy in the parish * * * where the insured or insurer is domiciled, and said action may be brought against the insurer alone or against both the insured and insurer, jointly and in solido, at either of their domiciles or principal place of business in Louisiana. This right of direct action shall exist whether the policy of insurance sued upon was written or delivered in the State of Louisiana or not and whether or not such policy contains a provision forbidding such direct action, provided the accident or injury occurred within the State of Louisiana. Nothing contained in this Section shall be construed to affect the provision of the policy or contract if the same are not in violation of the laws of this state. It is the intent of this Section that any action brought hereunder shall be subject to all of the lawful conditions of the policy or contract and the defenses which could be urged by the insurer to a direct action brought by the insured, provided the terms and conditions of such policy or contract are not in violation of the laws of this state.

"It is also the intent of this Section that all liability policies within their terms and limits are executed for the benefit of all injured persons, his or her survivors or heirs, to whom the insured is liable; and that it is the purpose of all liability policies to give protection and coverage to all insureds, whether they are named insured or additional insureds under the omnibus clause, for any legal liability said insured may have as or for a tortfeasor within the terms and limits of said policy." As amended Acts 1956, No. 475, No. 1.

It is appellants' contention that (1) the O'Rand's cause of action is transitory and enforceable wherever jurisdiction of the defendants can be obtained; (2) the law of Louisiana, where the action arose, governs

as to matters of substance and procedure is governed by Texas law; (3) the Louisiana Direct Action Statute, insofar as an injured person is given the right to sue an insurer directly, confers a substantive right; (4) giving effect to the Louisiana Direct Action Statute does not contravene the public policy of the State of Texas; (5) the full faith and credit clause of the United States Constitution compels Texas courts to apply the Louisiana Direct Action Statute; (6) and the venue provisions of the Louisiana Act are procedural. The appellants, in their brief, approach the solution by the same route but reach opposite conclusions on all except the first two steps. Discussion here will follow generally the course of the parties' briefs.

Both parties agree the action is transitory,[1] and that the law of the jurisdiction where the action arose, in this case the State of Louisiana, governs as to matters of substantive right and procedure is governed by the law of the forum, that is, Texas.[2] Aside from this general agreement on applicable principles of conflict of laws, the provisions of Art. 4678, Vernon's Ann.Tex.Civ.St. would have application to this action.

The State of Louisiana has had occasion to examine the direct action statute and its highest court has concluded the enactment grants an injured person a substantive right, that is, a right to recover damages, within the terms and limits of the insurance contract, for which an insured is liable, by a direct action against the liability insurer.[3]

The decision of Louisiana or other foreign jurisdiction upon this question is not controlling in the courts of Texas. It is a well-established rule that each state may determine the nature of a foreign enactment by application of its own rules of construction.[4] Here, however, nothing is perceived or urged upon the court in the nature of indigenous and protective rules or the promotion or protection of the general interest and affairs of the citizens of Texas which would require this court to determine that the right of direct action under Louisiana law is not a substantive right.

At this point it is well to notice the venue provisions of the Louisiana act. These provisions of the statute were considered in Morton v. Maryland Casualty Co., 1 A.D.2d 116, 148 N.Y.S.2d 524, affirmed 4 N.Y.2d 488, 176 N.Y.S.2d 329, 151 N.E.2d 881. The New York courts apparently reached the conclusion that venue was an inseparable part of the substantive rights granted. However, decision was also based upon the limited effect of the insurer's agreement with the State of Louisiana, a distinction not present in this record. The reasoning of the case is not persuasive. These provisions of the statutes go to the remedy and not the right. This court would be hesitant to say that the Legislature of Louisiana intended to create a right which

1. Morris v. Missouri-Pacific Ry. Co., 78 Tex. 17, 14 S.W. 228, 9 L.R.A. 349.

2. Grandstaff v. Mercer, Tex.Civ.App., 214 S.W.2d 133, wr. ref., n. r. e.; Jones v. Louisiana Western R. Co., Tex.Com.App., 243 S.W. 976, op. adopted; Davis v. Gant, Tex.Civ.App., 247 S.W. 576, wr. ref.

3. West v. Monroe Bakery, 217 La. 189, 46 So.2d 122. See also the discussion and authorities cited in Collins v. American Automobile Ins. Co., 2 Cir., 230 F.2d 416; Chambless v. National Industrial Laundries, D.C., 149 F.Supp. 504. In West v. Monroe Bakery the Louisiana Court said:

"An analysis of our jurisprudence considered by the Appellate Court in reaching its conclusion discloses that with two exceptions, Act 55 of 1930 (the Direct Action Statute) has been treated consistently as conferring *substantive rights* on third parties to contracts of public liability insurance, which become vested at the moment of the accident in which they are injured, subject only to such defenses as the tort-feasor himself may legally interpose." [217 La. 189, 46 So.2d 123].

4. Shelton v. Marshall, 16 Tex. 344 and Wells v. American Employers' Ins. Co., 5 Cir., 132 F.2d 316.

was enforceable only in the courts of that state. Such an intention is not stated; under recognized principles of construction it is usually held that when a state creates a personal right of action and presumably a method for its enforcement, the right, transitory in nature, may be enforced anywhere, but the method of enforcement does not follow the right.[5] Any contention that Louisiana intended the venue provisions to have extraterritorial effect must be overruled.

On the basis of the authorities cited by appellees, it cannot be said that there has been a declaration of public policy in Texas by court decision or statute prohibiting an injured party from seeking redress in damages by coupling the liability insurer and the insured in a single tort action. In those cases in which a joinder has been attempted the true basis of denial lies in the restrictive provisions of the insurance contract or the relationship of the parties.[6] A standard liability insurance contract in Texas contains a "no action" clause which contractually prevents a direct action against the liability insurer until the claim against the insured is reduced to judgment, or an agreement having the insurer's consent is made. It is pointed out by the courts that where the liability insurer is not charged to be guilty of any acts of negligence proximately causing the injured persons damage, there is no primary liability of the insurer to the injured person either in contract or tort. Liability arises under the contract at judgment or agreed settlement.

The only public policy of Texas respecting the joinder of the liability insurer and the insured as co-defendants in an action is that found in Section (f) of Rule 97, Vernon's Ann.Tex.Rules of Civil Procedure reading as follows:

"(f) Additional Parties May Be Brought In. When the presence of parties other than those to the original action is required for the granting of complete relief in the determination of a counterclaim or cross-claim, the court shall order them to be brought in as defendants as provided in these rules, if jurisdiction of them can be obtained and their joinder will not deprive the Court of jurisdiction of the action; provided that in tort cases, this rule shall not be applied so as to permit the joinder of a liability or indemnity insurance company, *unless such company is by statute or contract liable to the person injured or damaged.*"

The emphasized segment of the rule contemplates joinder in a direct action when by statute or contract the insurer is liable to the injured party for damages. The rule contemplates direct action against the insurer as authorized by certain statute, such as in workmen's compensation cases under Art. 8307, Sec. 5.[7] And, on the other hand, freedom to contract is recognized and if the contract provides for direct action the rule would not prevent joinder.

Contract liability does not enter this case. The Travelers Indemnity Insurance Company issued its policy to Penny in Texas and the contract contains the standard Texas "no action" clause. If the insurance company is to be joined in this action it must be authorized under that provision of the rule referring to statutory joinder.

Appellees argue that the rule's reference to statutory authorization clearly contem-

---

5. Tennessee Coal, Iron & R. Co. v. George, 233 U.S. 354, 34 S.Ct. 587, 58 L.Ed. 997; Atchison, T. & S. F. Ry. Co. v. Sowers, 213 U.S. 55, 29 S.Ct. 397, 53 L.Ed. 695; Texas Pipe Line Co. v. Ware, 8 Cir., 15 F.2d 171. Also see Houston & T. C. R. Co. v. Fife, Tex.Civ.App., 147 S.W. 1181, 1185, wr. ref.

6. Kuntz v. Spence, Tex.Com.App., 67 S.W. 2d 254, op. adopted.

7. Brown v. McMillan Material Co., Tex. Civ.App., 108 S.W.2d 914, wr. ref.

plates a Texas statute and not the unusual Louisiana Direct Action Law. Such argument would have an undeniable potency under many circumstances. However, to yield to that interpretation would permit a rule of procedure to drastically limit the provisions of Art. 4678 where it is said:

"Whenever the * * * personal injury of a citizen of this State or of the United States, or of any foreign country having equal treaty rights with the United States on behalf of its citizens, has been or may be caused by the wrongful act, neglect or default of another in any foreign State or country for which a right to maintain an action and recover damages therefor is given by the statute or law of such foreign State or country, such right of action may be enforced in the courts of this State within the time prescribed for the commencement of such actions by the statutes of this State."

 This article has been noticed in the previous discussion; it clearly grants all its citizens the right to have redress in Texas courts on the basis of the law of a foreign jurisdiction where an injury occurred. By limiting the permissible joinder to actions authorized by a Texas Statute it is seen that a perfectly clear and unambiguous Texas Statute affording its citizens, the Powells in this instance, the right to seek redress in Texas courts, under a substantive right granted by the statute of Louisiana, for damages received in the sister state, is absolutely nullified by the narrow interpretation the appellees give to the procedural rule. It is not the purpose of the Rules of Civil Procedure [8] to annul a substantive right granted a Texas citizen by the statutes of this or another state. There is nothing to commend such view in the record of this case. The better view is that the public policy of the State does not prohibit the joinder attempted.

Having reached the results stated and finding Chambless v. National Industrial Laundries, D.C., 149 F.Supp. 504 and Watson v. Employers Liability Assurance Corp., 348 U.S. 66, 75 S.Ct. 166, 99 L.Ed. 74 very persuasive it is concluded the plea in abatement filed by Travelers Indemnity Insurance Company was improvidently sustained. This conclusion is not free from doubt but seems to be sustained by logic and authority.

The effect of the full faith and credit clause of U. S. Constitution becomes immaterial under the view that is taken here and discussion is omitted.

The Louisiana statute affords the plaintiffs in this case a joint cause of action against both the Travelers Indemnity Insurance Company and Penny for Penny's tort. The appellants elected to sue them jointly and over the appellants' objection, and at the insistence of the insurance company and presumptively Penny, since Penny's and the insurance company's counsel were the same, the suit was abated and the insurance company was dropped as a party. The appellant was compelled to proceed against Penny alone, although appellants had a joint action against both. It is believed that this presents a question no different from that before the Supreme Court in Landers v. East Texas Salt Water Disposal Co., 151 Tex. 251, 248 S.W.2d 731. That case is distinguishable on the facts but sets out the principle that parties who are jointly liable to respond for the entire damage may be jointly sued and it is error for a trial court to require each to be sued separately. Here only one party committed the alleged tortious acts but ipso facto both parties became jointly liable and the appellants have been denied the right to subject them to a suit requiring a joint response in damages. Further the appellate courts have power to make effective their ruling and to grant full relief to which a party is

8. Rules 1 & 2, V.A.T.R.

entitled.[9] There would be no gain for the appellants here if the case be reversed as to the insurance company and affirmed as to Penny, appellants would still be denied their right of a joint action against both. Appellants' first point of error is sustained.

It is not necessary to pass upon other points presented since sustaining the first requires a reversal and remand for new trial. Judgment of the trial court accordingly is reversed and the cause is remanded.

---

**9.** See Leonard v. Prater, Tex.Com.App., 36 S.W.2d 216, 86 A.L.R. 499; 5B C.J.S. Appeal and Error § 1919, p. 409, and Texas cases listed under Note 94.