Mutual Service Casualty Insurance Company, a corporation, Appellant, v. Prudence Mutual Casualty Company, a corporation, as Successor to Regal Mutual Insurance Company, a corporation, Appellee.

Gen. No. 47,798.

First District, Third Division.

April 14, 1960.

O'Brien, Hanrahan, and Been, of Chicago (Delbert T. Been, of counsel) for appellant.

George F. Barrett, of Chicago (Zachary D. Ford, Jr., of counsel) for appellee.

JUSTICE FRIEND delivered the opinion of the court.

On October 1, 1956, near Bateman, Wisconsin, Andrew Schomner was injured while riding as a passenger in a truck owned and operated by Joseph Blazek,

a resident of Illinois, which was insured by defendant, an Illinois insurance company. The other vehicle involved in the accident was the property of the Chippewa County (Wisconsin) Highway Department and was insured by plaintiff, a Minnesota insurance company. After ascertaining the nature of Schomner's claims against all parties, plaintiff insurance company voluntarily paid Schomner $3500 by way of settlement and then brought suit in the Municipal Court of Chicago for contribution of one-half that amount from defendant, the Illinois insurance company. The court allowed defendant's motion to strike the statement of claim, and entered the judgment of dismissal, from which plaintiff appeals.

Plaintiff predicates its right to contribution on sections 113.01–113.05 of a Wisconsin statute known as the Uniform Joint Obligations Act (Wisconsin Statutes 1956) which provides in effect that a person who is or may become liable for a joint tort obligation may recover contribution from a joint tortfeasor or obligor. No statutory right or remedy similar to the Wisconsin statute exists in the State of Illinois. The laws of the respective states are in conflict. In Dougherty v. American McKenna Process Co., 255 Ill. 369, the approach to the problem is thus stated (p. 372):

"Each State, subject to restrictions of the Federal constitution, determines the limits of the jurisdiction of its courts, the character of the controversies which shall be heard in them, and how far its courts having jurisdiction of the parties shall hear and decide transitory actions where the cause of action has arisen outside of the State."

The rule with respect to causes of action arising outside a state, as set forth in Texas Pipe Line Co. v. Ware, 15 F.2d 171, is as follows (p. 173):

"The general rule as to the pursuit in the courts of other states or of the nation of rights created by a

430

state is subject to the limitation that the right sought to be enforced is not inconsistent with any local or public policy of the state where suit is brought in its courts to enforce the right, or with the public policy of the United States if suit is brought in the federal courts."

In 15 C. J. S., Conflict of Laws, § 4, the author says (p. 853):
"It is thoroughly established as a broad general rule that foreign law or rights based thereon will not be given effect or enforced if opposed to the settled public policy of the forum."

Later in the section the rule is amplified in the following language (p. 858):
"*Special statutory remedy.* Where a purely statutory right is created, and a special remedy for the enforcement of the right is also provided by the statute, the statutory remedy must be pursued, and the right will not be enforced in another jurisdiction in which such methods of procedure are unknown."

 The enforcement of the purported cause of action created by the Wisconsin Uniform Joint Obligations Act is opposed to the policy of the State of Illinois which denies the right of contribution among tortfeasors. In the early case of Wanack v. Michels, 215 Ill. 87, it was held that under the law of this State an insurance carrier of one defendant may not recover contribution from any of the other defendants even though they are found to be jointly and severally liable. The courts of Illinois, while recognizing the doctrine of subrogation, hold that it is designed to reimburse an innocent party, and place ultimate responsibility for a loss upon the person upon whom, in good conscience, it ought to fall. Geneva Const. Co. v. Martin Trans. & Storage Co., 4 Ill.2d 273. Section 25 of the Illinois Practice Act (Ill. Rev. Stat. 1959, ch. 110) rec-

ognizes this policy in a provision dealing with third-party actions, stating that "nothing herein applies to liability insurers or creates any substantive right to contribution among tortfeasors or against any insurer or other person which has not heretofore existed."

Moreover, plaintiff cannot maintain an action against defendant insurance company because the public policy of the State of Illinois does not permit direct actions against liability insurers. Section 260.11 of the Wisconsin Statutes permits direct actions against liability insurers pursuant to and in accordance with the provisions thereof. That statute, however, has been held by the Wisconsin Supreme Court to be procedural (Oertel v. Williams, 214 Wis. 68, 251 N. W. 465); in that case the court had before it the question whether an insurer could be joined with an insured in an action to recover damages as the result of an automobile collision, and held that it was a matter of procedural law which was controlled by the law of the state in which the action was brought. The direct-action statute being procedural only, it is not operative in this State.

Plaintiff seeks redress in the State of Illinois, not for a substantive actionable tort, but for a contribution, because of a remedy created under the Wisconsin statutes. We hold that this is not the proper way to effect a remedy and therefore affirm the judgment of the Municipal Court.

Judgment affirmed.

BRYANT, P. J. and BURKE, J., concur.