**Morton POSNER, Plaintiff,**

v.

**The TRAVELERS INSURANCE CO., a corporation, Defendant.**

**No. 65 C 535.**

United States District Court
N. D. Illinois, E. D.
Sept. 14, 1965.

Block & Levy, Chicago, Ill., for plaintiff.

Bernard Harrold, of Kirkland, Ellis, Hodson, Chaffetz & Masters, Chicago, Ill., for defendant.

WILL, District Judge.

This suit arises out of an automobile accident in the state of Wisconsin between the plaintiff and Mrs. Penelope C. Pallin. Plaintiff, a resident of Illinois, brings this direct action against the Travelers Insurance Co., the insurer of Mrs. Pallin. Mrs. Pallin is a resident of Michigan where the defendant delivered an automobile insurance policy to her. The defendant-insurer is a Connecticut corporation which also does business in Illinois.

The contract of insurance contains a clause, known as a "no action" clause, which prevents the insurer from being sued directly. This clause, if given effect, would bar this suit. The plaintiff, however, contends that a statute of Wisconsin, Wisconsin Stat. § 260.11(1), as amended, L.1959 ch. 380, allows direct actions against automobile insurers despite any "no action" clause in the contract where the accident takes place in Wisconsin. The 1959 amendment provides, among other things, that direct actions can be brought whether or not the contract of insurance was delivered in Wisconsin. The amendment thus affords the plaintiff a basis to bring this action, the policy having been delivered in Michigan.

Had the amendment made only the above change, there is no question that the plaintiff could rely on the statute to sue the defendant-insurer in any court outside Wisconsin which, according to its choice of laws rules, would apply the law of Wisconsin. The legislature, however, in broadening the statute also included a provision which purports to limit the scope of the statute to actions brought in a court in Wisconsin.[1] It is

---

1. The full text of the statute as amended is as follows: Any person may be made a defendant who has or claims an interest in the controversy adverse to the plain-

this venue restriction and prior Wisconsin decisions on which we relied in granting the defendant's motion to dismiss. Upon reconsideration, however, for the reasons set out below, we hold that the venue restriction is not a bar to a direct action suit against the insurer in this court.

By permitting persons involved in automobile accidents in Wisconsin to sue insurance companies directly, the Wisconsin legislature created a new substantive right. But by inserting the words "in this state" into the direct action statute, thus restricting the place of suit to courts in Wisconsin, the legislature has placed a venue restriction upon the substantive right which it created. The question for the court is whether we, sitting as a court of Illinois in this diversity action, can allow suit to be brought here under this statute, the venue restriction notwithstanding.

In Atchison, Topeka & Santa Fe R. R. v. Sowers, 213 U.S. 55, 29 S.Ct. 397, 53 L.Ed. 695 (1909), the Supreme Court held that such a restriction placed upon a common law cause of action could not be given effect so as to bar suit in another state. The landmark case of Tennessee Coal, Iron & R. R. Co. v. George, 233 U.S. 354, 34 S.Ct. 587, 58 L.Ed. 997 (1914) carried the Atchison principle even further. In Tennessee Coal, suit was brought in a court of Georgia under an Alabama statute which created a new right by making a master liable to an employee for injuries resulting from defective machinery. This statute also contained a provision which stated that actions brought under it must be brought in a court "within the state of Alabama, and not elsewhere."

The Supreme Court held that an employee could sue the master in a court of Georgia despite the venue restriction. The Court recognized that in some cases the right and the remedy are so inextricably woven together that the right can only be enforced in the prescribed manner. But the Court held that the Alabama statute was not of that nature and that the venue restriction was severable from the right which was created. At page 360, 34 S.Ct. at page 589 the Court stated:

"But venue is no part of the right; and a state cannot create a transitory cause of action and at the same time destroy the right to sue on that transitory cause of action in any court having jurisdiction."

Tennessee Coal has been consistently followed. See Texas Pipe Line Co. v. Ware, 8 Cir., 15 F.2d 171 (1926). Indeed the Supreme Court reenforced the principle of Tennessee Coal when it said in Lauritzen v. Larsen, 345 U.S. 571,

tiff, or who is a necessary party to a complete determination or settlement of of the questions involved therein. A plaintiff may join as defendants persons against whom the right to relief is alleged to exist in the alternative, although recovery against one may be inconsistent with recovery against the other; and in all such actions the recovery of costs by any of the parties to the action shall be in the discretion of the court. In any action for damages caused by the negligent operation, management or control of a motor vehicle, any insurer of motor vehicles, which has an interest in the outcome of such controversy adverse to the plaintiff or any of the parties to such controversy, or which by its policy of insurance assumes or reserves the right to control the prosecution, defense or settlement of the claim or action of the plaintiff or any of the parties to such claim or action, or which by its policy agrees to prosecute or defend the action brought by the plaintiff or any of the parties to such action, or agrees to engage counsel to prosecute or defend said action, or agrees to pay the costs of such litigation, is by this section made a proper party defendant in any action brought by plaintiff in this state on account of any claim against the insured. The right of direct action herein given against an insurer against liability for damages to persons other than the insured arising out of the negligent operation, management or control of a motor vehicle shall exist whether the policy of insurance sued upon was issued or delivered in the state of Wisconsin or not and whether or not the policy or contract of insurance contains a provision forbidding such direct action, provided the accident or injury occurred in the state of Wisconsin.

590, 73 S.Ct. 921, 932, 97 L.Ed. 1254 (1953):

"It is pointed out, however, that statutes of at least one maritime country (Panama) allow suit under its law by injured seamen only in its own courts. The effect of such a provision is doubtful in view of our holding that such venue restrictions by one of the states of the Union will not preclude action in a sister state, Tennessee Coal, Iron & R. Co. v. George, 233 U.S. 354, 34 S.Ct. 587, 58 L.Ed. 997."

Illinois has also recognized the principle that state statutes cannot prohibit or circumscribe the exporting of causes of action. James v. Grand Trunk Western R. R. Co., 14 Ill.2d 356, 367, 152 N.E. 2d 858, 864, 74 A.L.R.2d 814 (1958).

The Louisiana direct action statute, La.Rev.Stat. § 22:655, which is quite similar to the Wisconsin statute, contains venue restrictions which have been the subject of much litigation. Federal courts in dealing with the venue restrictions in the Louisiana statute (which say that the suit must be brought in the parish where the accident occurred or in the parish where the insured has his domicile) have held that the restrictions are not binding in other forums. "The more reasonable view, however, appears to be that these are but requirements of place of suit which do not carry beyond the limits of a Louisiana forum." Collins v. American Automobile Insurance Co., 2 Cir., 230 F.2d 416, 423 (1956). See also 57 Col.L.Rev. 256, 259–262 (1957).

In Chambless v. National Industrial Laundries Corp., 149 F.Supp. 504 (1957), a case not unlike the present case since Louisiana's only contact with the suit was that it was the place of the accident,[2] the court held that the direct action statute created a transitory cause of action and thus Louisiana could not limit the

applicability of the statute to the courts of Louisiana.

Although the venue restrictions in the Louisiana statute are slightly different from the restriction in the Wisconsin statute, the reasoning of the Tennessee Coal case is applicable to both the Louisiana and Wisconsin statutes. Even more important for our purposes is the fact that Tennessee Coal dealt with a provision which is the same as the one in question in the present case, i. e., providing that suits brought under the statute be brought within the state.

■ In all pertinent respects the Wisconsin statute is like that which was involved in Tennessee Coal. A new substantive right was created by the legislature; the right created is transitory in that there is no reason why suits under it can be adjudicated only in Wisconsin; and the legislature placed a venue restriction upon the right. We conclude that the venue restriction in the Wisconsin direct action statute is not binding upon this court and thus does not constitute a bar to this suit.

Having determined that the venue restriction does not prevent our adjudicating this case, we still must determine whether there is any other bar to suit in this court.

■■ Direct action statutes are matters of substance within the meaning of Guaranty Trust Co. of New York v. York, 326 U.S. 99, 109, 65 S.Ct. 1464, 89 L. Ed. 2079 (1945). Such a statute does more than indicate the proper party to sue. By rendering "no action" clauses ineffectual and by making the insurer directly liable, a separate right of action is created which substantially affects the rights of an injured person. Therefore, we, as a federal court sitting in a diversity action, must apply the law of Illinois, including Illinois' conflict of laws rules. Klaxon Co. v. Stentor Electric Mfg. Co.,

---

2. In Chambless the accident occurred in Louisiana. The plaintiff was a resident of Texas. The insured was a New Jersey corporation and the defendant-insurer was a California corporation doing business in many states. Suit was brought in the Federal District Court for the Eastern District of Texas, and was brought under the Louisiana direct action statute.

313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941).

Illinois follows the traditional tort conflict of laws rule that the law of the place of the tort governs the substantive rights. Millsap v. Central Motor Transport Co., 41 Ill.App.2d 1, 8, 189 N.E.2d 793, 796 (1963). Thus, absent any restriction on the application of foreign law, the Wisconsin direct action statute is a proper basis for suit here against the insurer.

Recent decisions in other states have indicated a movement away from the traditional view that the law of the place of tort governs. These decisions rest on the common theory that the place of the tort is not always the place which has the most significant contacts with the suit. In Babcock v. Jackson, 12 N.Y.2d 473, 240 N.Y.S.2d 743, 191 N.E.2d 279, 95 A.L.R.2d 1 (1963), the New York Court of Appeals held that where all the parties were residents of New York, New York law would be applied even though the accident took place in Ontario, Canada.

Illinois, however, has not departed from the traditional rule, and thus even though we are bound to follow that rule, it should be noted that this case involves a fact situation not unlike that in Babcock. Wisconsin only has one contact with this case—it was the place where the accident occurred. Perhaps future Illinois decisions will show a departure from the present rule, but as of now we must apply the "place of tort" doctrine in this case.

The defendant, however, contends that the Wisconsin direct action statute is unenforceable in Illinois on the ground that to allow suit against an insurer directly is against the public policy of Illinois. Illinois does not permit direct actions, but the Millsap decision, supra, indicates that a difference between Illinois law and the applicable foreign law will itself not create a public policy barrier to enforcement of the foreign law.

The starting point for an analysis of the Millsap case is an earlier decision. In 1960, Justice Friend of the Illinois Appellate Court in Mutual Service Casualty Insurance Co. v. Prudence Mutual Casualty Co., 25 Ill.App.2d 429, 166 N.E. 2d 316 (1960) held that the Wisconsin direct action statute and the Wisconsin statute permitting contribution amongst joint tort-feasors were both unenforceable in Illinois as they were against Illinois public policy.

Three years later, however, Justice Friend writing in the Millsap case stated:

"It is true that in Mutual Serv. Cas. Ins. Co. v. Prudence Mut. Cas. Co., 25 Ill.App.2d 429, 166 N.E.2d 316 (1960), we said that the Wisconsin statute relating to joint tort-feasors is opposed to our public policy. We also held that the action was properly dismissed under the provision of our Practice Act which prevents direct actions against liability insurers. On reconsideration of that case, and in the light of authorities not heretofore cited in this proceeding or in the Mutual Service case, it seems clear that to create a public policy barrier to the enforcement of a foreign law, more is required than a mere difference between the law of the forum and that of the sister state." 41 Ill.App.2d at page 21, 189 N.E.2d 793 at page 803.

The Millsap case involved enforcement of the Wisconsin statutes on contribution amongst joint tort-feasors and comparative negligence, neither of which has an Illinois counterpart. Both were given enforcement. The common point between Mutual Service and Millsap was the rule regarding contribution amongst joint tort-feasors. Both cases involved another rule in addition. Mutual Service involved the direct action statute, and Millsap involved the comparative negligence rule. Justice Friend carefully indicated in Millsap that public policy could not be a barrier to the enforcement of either of these Wisconsin rules. In fact, as quoted above, he specifically mentioned the direct action statute and applied his reasoning to it as well as the rule on contribution.

Indeed, had Justice Friend let the earlier decision stand, keeping the public policy barrier to the enforcement of these foreign laws, a serious question of Full Faith and Credit would have been raised. Hughes v. Fetter, 341 U.S. 609, 71 S.Ct. 980, 95 L.Ed. 1212 (1951), First National Bank of Chicago v. United Air Lines, 342 U.S. 396, 72 S.Ct. 421, 96 L. Ed. 444 (1952).

We thus hold that neither the venue restriction nor the public policy of Illinois constitute a bar to this suit. Plaintiff's motion to vacate the order of dismissal will be granted, and the cause will be reinstated. An appropriate order will enter.