MILLER, Appellant, v. WADKINS and another, Respondents.

*May 10—June 7, 1966.*

For the appellant there was a brief by *Kersten & McKinnon,* attorneys, and *Kenan J. Kersten* of counsel, all of Milwaukee, and oral argument by *Kenan J. Kersten.*

For the respondents there was a brief by *Wickham, Borgelt, Skogstad & Powell,* attorneys, and *Clayton R. Hahn* of counsel, all of Milwaukee, and oral argument by *Mr. Hahn.*

WILKIE, J. The single issue presented on this appeal is whether an insurer which issues an automobile liability

insurance policy, containing a no-action clause, in Wisconsin to a Wisconsin resident can be sued directly under sec. 260.11 (1), Stats., when the accident occurs outside the state.

Secs. 204.30 (4) and 260.11 (1), Stats., are commonly known as the "direct-action" statutes.[1] Sec. 204.30 (4)[2] is substantive and creates direct liability between the injured third person and the insurer while sec. 260.11 (1) is procedural and determines when the insurer can be made a party to the action despite the presence of a no-action clause in the policy.[3] Prior to 1959, sec. 260.11 (1) provided, in effect, that any insurer could be made a defendant in any action arising from a claim against the insured provided specified conditions were met.[4] In 1959,

[1] *Neumann v. Wisconsin Natural Gas Co.* (1965), 27 Wis. (2d) 410, 134 N. W. (2d) 474.

[2] "204.30 (4) Any bond or policy of insurance covering liability to others by reason of the operation of a motor vehicle shall be deemed and construed to contain the following conditions: That the insurer shall be liable to the persons entitled to recover for the death of any person, or for injury to person or property, irrespective of whether such liability be in praesenti or contingent and to become fixed or certain by final judgment against the insured, when caused by the negligent operation, maintenance, use or defective construction of the vehicle described therein, such liability not to exceed the amount named in said bond or policy."

[3] *Frye v. Angst* (1965), 28 Wis. (2d) 575, 579, 137 N. W. (2d) 430; *Snorek v. Boyle* (1962), 18 Wis. (2d) 202, 207, 118 N. W. (2d) 132.

[4] "260.11 (1) . . . In any action for damages caused by the negligent operation, management or control of a motor vehicle, any insurer of motor vehicles, which has an interest in the outcome of such controversy adverse to the plaintiff or any of the parties to such controversy, or which by its policy of insurance assumes or reserves the right to control the prosecution, defense or settlement of the claim or action of the plaintiff or any of the parties to such claim or action, or which by its policy agrees to prosecute or defend the action brought by the plaintiff or any of the parties to such action, or agrees to engage counsel to prosecute or defend said action, or agrees to pay the costs of such litigation, is by this section made a proper party defendant in any action brought by plaintiff on account of any claim against the insured."

this section was amended [5] and, along with a minor change in the previous text which is not relevant here, the following language was added:

"The right of direct action herein given against an insurer against liability for damages to persons other than the insured arising out of the negligent operation, management or control of a motor vehicle shall exist whether the policy of insurance sued upon was issued or delivered in the state of Wisconsin or not and whether or not the policy or contract of insurance contains a provision forbidding such direct action, provided the accident or injury occurred in the state of Wisconsin."

Under the statute as amended, it is clear that the right of direct action exists only when the accident occurs in Wisconsin. Sec. 260.11 (1), Stats., has been so construed in the federal courts. [6]

Appellant counters that the history of the direct-action statute demonstrates that the legislature intended the proviso, added in 1959, requiring Wisconsin to be the site of the collision, to be applicable only in cases where the policy was issued outside the state and not, as here, where the policy was issued in Wisconsin. However, even assuming that appellant is correct, [7] this court looks be-

[5] Ch. 380, Laws of 1959.

[6] *Koss v. Hartford Accident and Indemnity Co.* (D. C. Wis. 1964), 231 Fed. Supp. 376, affirmed (7th Cir. 1965), 341 Fed. (2d) 472.

[7] In *Ritterbusch v. Sexmith* (1950), 256 Wis. 507, 41 N. W. (2d) 611, the policy, which contained a no-action clause, was issued to a Wisconsin resident in Massachusetts where such clauses are valid. An accident occurred in Wisconsin and the plaintiff sought to sue the insurance company directly. This court held that the law of the place where the contract was made governed and that this contractual right, which inured to the insured, would be impaired by an application of sec. 260.11 (1), Stats., in violation of the contract clause of the United States constitution. Any constitutional fears were allayed by *Watson v. Employers Liability Assurance Corp.* (1954), 348 U. S. 66, 75 Sup. Ct. 166, 99 L. Ed. 74, but, although it was distinguished on its facts, this court stood by *Ritterbusch* in *Schultz v. Hastings* (1958), 5 Wis. (2d) 265,

yond the words of the statute to the legislative intent only when the statute is not plain and unambiguous [8] and to the contrary the statutory language here unmistakably requires the accident to occur in Wisconsin before direct action under the statute is allowed. Sec. 260.11 (1) expressly excludes situations where the policy was issued within, and the accident happened without, the state. Had the legislature actually desired sec. 260.11 (1) to have the effect urged by appellant, it would have been an easy matter to have so provided. Nor, in the face of the language of sec. 260.11 (1), is it persuasive that this court has recently attached reduced significance to the place of the accident in another area of the law.[9]

*By the Court.*—Judgment affirmed.

---

92 N. W. (2d) 846. Thus it could reasonably be argued that the legislature intended, in light of *Watson*, to completely bury *Ritterbusch* when the court would not do so, and permit the utilization of sec. 260.11 (1) solely in a situation, as presented by *Ritterbusch*, *i.e.*, where the insurance contract was entered into outside the state. However, this analysis is torpedoed by two notations found on the bill jacket to ch. 380, Laws of 1959, to the effect that: "Provide that *any* foreign insurance company covering an insured involved in an accident in this state the insurance policy must by the terms thereof permit suit on the policy against the insurance company as well as insured." (Emphasis added.) And "Thus rt. [right] of direct action shall exist *whether the policy of insurance sued upon was written or delivered in the state of Wisconsin or not* . . . provided the accident or injury occurred within the state of Wisconsin." Therefore, even though a convincing argument can be made to the contrary based on the posture of the case law up to 1959, the legislative history discloses that sec. 260.11 (1) was written in accordance with the actual intent of the legislature.

[8] See *Alexander v. Farmers Mut. Automobile Ins. Co.* (1964), 25 Wis. (2d) 623, 626, 131 N. W. (2d) 373; *Weather-Tite Co. v. Lepper* (1964), 25 Wis. (2d) 70, 73, 74, 130 N. W. (2d) 198.

[9] *Wilcox v. Wilcox* (1965), 26 Wis. (2d) 617, 133 N. W. (2d) 408.