Karen **SWANSON**, a minor, by her Father and next friend, Robert Swanson, Plaintiff,

v.

**BADGER MUTUAL INSURANCE COMPANY** and **Employers Mutual Liability Insurance Company of Wisconsin**, Defendants.

No. 67 C 909.

United States District Court
N. D. Illinois, E. D.

Nov. 14, 1967.

Ruttenberg & Ruttenberg, Chicago, Ill., for plaintiff.

Tom L. Yates, Chicago, Ill., for defendant Badger Mutual Ins. Co.

Price, Noetzel, Schlager & Burgeson, Chicago, Ill., for defendant Employers Mutual Ins. Co.

## MEMORANDUM AND ORDER ON DEFENDANTS' MOTIONS TO DISMISS AND DEFENDANT BADGER'S MOTION FOR CHANGE OF VENUE

ROBSON, District Judge.

This is a personal injury action based on diversity of citizenship. It is before

the court on defendants' motions to dismiss and defendant Badger's motion for a change of venue. For the reasons stated below, the respective motions are denied.

The minor plaintiff, Karen Swanson, was a passenger in an automobile driven by defendant Badger's insured, James U-Ren. At about 8:00 p. m. on October 7, 1966, while traveling in a southerly direction on Highway 53 about four miles south of Blair, Wisconsin, James U-Ren's automobile struck a construction crane owned by Pertzsch Construction Co., defendant Employers' insured. Karen Swanson was injured as a result of this collision. The plaintiff, a citizen of Illinois, brought suit in this court on the grounds of diversity of citizenship, the defendants both being citizens of Wisconsin.

Defendant Badger has moved to dismiss the suit on the ground that the law of Illinois does not allow a direct action against an insurer. To allow this suit, argues Badger, would contravene the public policy of the forum state, Illinois, even though the applicable conflict of laws principles call for the application of Wisconsin law to the facts of this case. Defendant Employers joins Badger in urging these same grounds in its motion to dismiss.

In addition, Employers claims that the plaintiff's suit should be dismissed on the ground that it does not state a cause of action as to Employers' insured, the Pertzsch Construction Co. Employers argues that the crane hit by U-Ren is not a "motor vehicle" under the terms of the Wisconsin direct action statute, and that, therefore, Employers cannot be sued under that statute. Finally, defendant Badger moves for a change of venue to Wisconsin, should this court deny its motion to dismiss.

■■ There is no question that Wisconsin law applies to this case. A federal court sitting in diversity must apply the conflict of laws principles of the state in which it sits. Klaxon Co. v. Stentor Electric Mfg. Co., Inc., 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941).

Under the more conventional Illinois position as contained in the Restatement of the Conflict of Laws Second, § 379 (Tent. Draft No. 8, 1963), or the more liberal approach in Babcock v. Jackson, 12 N.Y. 2d 473, 240 N.Y.S.2d 743, 191 N.E.2d 279, 95 A.L.R.2d 1 (1963), the law of Wisconsin applies. The accident was in Wisconsin. The alleged tortfeasors' conduct was in Wisconsin. The initial treatment of the plaintiff's injuries was in Wisconsin. Both the alleged tortfeasors and their insurers are apparently citizens of Wisconsin. It also appears that the origin and destination of the trip were in Wisconsin. Dym v. Gordon, 16 N.Y.2d 120, 262 N.Y.S.2d 463, 209 N.E.2d 792 (1965).

There are two statutes in Wisconsin which are relevant in this case: Wis. Rev.Stats. §§ 204.30(4) and 260.11(1) 1967. Section 204.30(4) provides that an insurance company is liable to persons entitled to recover for personal injuries, up to the dollar limits of the policy, regardless of any "no action" clause in the policy. Section 260.11(1) provides the procedure to be followed in suits brought under Section 204.30(4). In short, it allows the insurer to be joined as a proper party defendant.

In Illinois, the court and the parties are prohibited from mentioning at trial the fact that liability insurance exists. But it is recognized in the same cases which announce this rule that it is common knowledge that liability insurance exists more often than not. Kavanaugh v. Parret, 379 Ill. 273, 40 N.E.2d 500 (1942). This, according to defendants, establishes the policy of Illinois as being against direct action statutes. This policy, argues the defendants, is sufficiently strong to force a federal district court sitting in Illinois to refuse to entertain an action based on a direct action statute.

The defendants do not contend, however, that there is a statutory prohibition in Illinois against bringing actions against insurance companies. This they could not do. See Torcazo v. Statema, 141 F.Supp. 769, 772 (N.D.Ill.1956).

The defendants base their argument on the cases of Mutual Service Casualty Insurance Co. v. Prudence Mutual Casualty Co., 25 Ill.App.2d 429, 166 N.E.2d 316 (1960), and Millsap v. Central Wisconsin Motor Transport Co., 41 Ill.App.2d 1, 189 N.E.2d 793 (1963). *Mutual Service,* supra, holds that the doctrine of contribution among joint tortfeasors violates the policy of Illinois and a Wisconsin cause of action cannot be enforced in the courts of Illinois. The *Millsap* case, supra, holds just the opposite, overruling *Mutual Service.* In the course of its opinion, the court said, 41 Ill.App.2d at 21, 189 N.E.2d at 803:

" * * * [I]t seems clear that to create a public policy barrier to the enforcement of a foreign law, more is required than a mere difference between the law of the forum and that of the sister state. * * * Nor does dissimilarity of legislation prove that the public policy of the forum is offended by the foreign law. Loucks v. Standard Oil Co., 224 N.Y. 99, 120 NE 198 (1918). As there stated by Judge Cardozo (120 N.E. p. 202): 'The courts are not free to refuse to enforce a foreign right at the pleasure of the judges, to suit the individual notion of expediency or fairness. They do not close their doors, unless help would violate some fundamental principle of justice, some prevalent conception of good morals, some deep-rooted tradition of the common weal.' "

█ It is apparent that the trend of the decisions in Illinois is toward the recognition of foreign causes of action, even if the statute to be enforced does not exist in Illinois. From the court's comments in *Millsap,* supra, it is possible to infer that a Wisconsin direct action statute would not be violative of any more "fundamental" Illinois policy than the comparative negligence statute of Wisconsin was, or the statute allowing contribution among joint tortfeasors. Posner v. Travelers Insurance Co., 244 F.Supp. 865 (N.D.Ill.1965). On this basis, therefore, this court holds that the Wisconsin direct action statute is enforceable in a federal district court in a diversity action. This does not, however, dispose of the case.

█ According to Illinois conflict of laws principles, the *substantive* law of Wisconsin would apply to the facts of this instant case. The forum decides whether a particular statute is substantive or procedural; the forum also applies its own procedural rules to the case, even though, as here, a different state's substantive law applies. *Millsap,* supra, 41 Ill.App.2d at 15–16, 189 N.E.2d 793. The question therefore arises as to the characterization of the Wisconsin direct action statutes. Are they procedural, as the defendants argue, or are they part and parcel of a substantive right, as the plaintiff urges?

█ There is no dispute that § 204.30(4) is substantive. Miller v. Wadkins, 31 Wis.2d 281, 142 N.W.2d 855 (1966); Koss v. Hartford Accident & Indemnity Co., 341 F.2d 472 (7th Cir. 1965). Section 260.11(1) which allows the joinder of the insurer as a party defendant has been called "procedural" by the Wisconsin courts. E. g., Miller v. Wadkins, supra. However, this label "procedural" can mean different things at different times. It may be so important as to be "outcome determinative." Guaranty Trust Company of New York v. York, 326 U.S. 99, 65 S.Ct. 1464, 89 L.Ed. 2079 (1945). This court concludes that the right to join the insurer as a party defendant is so bound up with the substantive right to sue the insurer directly, that one cannot be separated from the other. Section 260.11(1) is, therefore, substantive in nature, as used in this case. See also Torcazo v. Statema, supra, and Posner v. Travelers Insurance Co., supra, for similar conclusions. On this ground, therefore, defendants' motions to dismiss will be denied.

█ Defendant Badger also moves for a change of venue, urging that the accident occurred in Wisconsin, all the witnesses (except the plaintiff) live in

Wisconsin, and the hospital and treating physicians are residents of Wisconsin. The burden of proof in a motion for change of venue is on the movant. E. g., LeClair v. Shell Oil Company, 183 F. Supp. 255 (S.D.Ill.1960). The balance must be strongly in favor of the movant-defendant, for the plaintiff's choice of forum should rarely be disturbed. Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 67 S.Ct. 839, 91 L.Ed. 1055 (1947). Since the plaintiff is a minor, the court should be even more careful of changing the plaintiff's choice. In addition, plaintiff's affidavit reveals that further medical treatment is being undertaken in Illinois, the present forum state, and that these witnesses will be used at trial. Plaintiff's affidavit also calls this court's attention to the fact that if the case is transferred to Wisconsin, the defendants would have to travel to Madison, Wisconsin, where the nearest District Court is held. This means a trip of 140–175 road miles, or a cost of $23.10 round trip from La Crosse (the nearest airport to defendants and witnesses in Wisconsin) to Madison by air. The extra distance to this court is about 150 miles, via modern highways, and the extra cost by air from La Crosse is $11 round trip per person. On balance, therefore, this court is of the opinion that the inconvenience to the defendants is not of sufficient weight to call for a change of venue. The fact that the defendants have chosen to do business in Illinois only reinforces this court's decision.

Defendant Employers moves to dismiss on the ground that the crane hit by U-Ren was not a "motor vehicle" under the terms of the Wisconsin direct action statute. This question, as it appears from the discussions in both sides' briefs, depends on whether the crane was mobile enough to come within the definition of a motor vehicle. The other requisites of the statute appear to be satisfied, although this court does not hereby foreclose all argument on these issues, should it appear later that it is necessary. The briefs disclose at least one question of fact as to the mobility of the crane.

It would be inappropriate to dispose of this issue on a motion to dismiss.

It is therefore ordered that defendants' motions to dismiss be, and they are hereby denied.

It is further ordered that defendant Badger's motion for change of venue be, and it is hereby denied.