Marlyn **REISHUS** and Margaret **Reishus,** individually and as the mother of Paul **Reishus,** Jean **Reishus,** Erica **Reishus** and Katherine **Reishus,** minors, Plaintiffs-Appellants,

v.

**MARYLAND CASUALTY COMPANY,** Defendant-Appellee.

No. 17365.

United States Court of Appeals Seventh Circuit.

June 12, 1969.

Merwin Auslander, Steven Van Dorf, Chicago, Ill., for plaintiffs-appellants.

Jerome M. Brooks, Gilbert Gordon, Chicago, Ill., for defendant-appellee.

Before DUFFY, Senior Circuit Judge, FAIRCHILD, Circuit Judge, and BEAMER, District Judge.[1]

DUFFY, Senior Circuit Judge.

Plaintiffs are citizens of Illinois. They brought this suit in the United States District Court for the Northern District of Illinois, against Maryland Casualty Company, for damages resulting from an automobile collision which occurred in the State of Wisconsin on August 21, 1968.

Plaintiffs occupied one automobile involved in the collision. The other automobile was operated by one Willard H. Tripp who carried a policy of automobile liability insurance with the Maryland Casualty Company.

The suit was commenced pursuant to the Wisconsin Direct Action Statute (Wis.Stats. 260.11(1)) which permits an injured party to bring a direct suit against the insurance carrier of the alleged tort-feasor. A motion by the insurance company to dismiss the suit was granted, and this appeal followed.

The question before us is whether the Full Faith and Credit Clause[2] of the Federal Constitution requires that Illinois apply the Wisconsin Statutes relating to direct action suits rather than applying its own policy which does not permit the bringing and maintenance of such suits.

On June 21, 1968, the Supreme Court of Illinois decided Marchlik v. Coronet Insurance Co., 40 Ill.2d 327, 239 N.E.2d 799. The Court held it was against the public policy of the State of Illinois to permit direct actions against an insurer in a case where a direct action was authorized by the Wisconsin Statutes. That Court further opined that this result was not contrary to the Full Faith and Credit Clause of the Federal Constitution.

The plaintiffs rely upon several court decisions which we shall discuss briefly. In Hughes v. Fetter, 341 U.S. 609, 71 S.Ct. 980, 95 L.Ed. 1212, an alleged wrongful death occurred in Illinois. The plaintiff brought suit in Wisconsin. Relief was denied. The Wisconsin Statute permitted wrongful death actions but confined those cases to deaths occurring in Wisconsin. The Supreme Court, in reversing, stated: "We hold that Wisconsin's policy must give way. That state has no real feeling of antagonism against wrongful death suits in general."

In First National Bank of Chicago v. United Air Lines, Inc., 342 U.S. 396, 72 S.Ct. 421, 96 L.Ed. 441, the death occurred in Utah and the suit was brought in Illinois under the Utah Wrongful Death Statute. The Illinois Statute concerning wrongful death actions was quite similar to the Wisconsin Statute with the exception that outstate suits could be brought in Illinois where service of process could not be obtained in the other state. The Supreme Court held this variation was of no moment, and decided that the Full Faith and Credit Clause prevented the exclusion of wrongful death actions merely because

---

1. Judge Beamer is sitting by designation from Northern District of Indiana.

2. Full Faith and Credit shall be given in each State to the Public Acts Records and Judicial Proceedings of every other State. U.S.Const. Art. IV, Sec. 1, Clause 1.

they arose outside the boundaries of the state.

In the later case of Wells v. Simonds Abrasive Company, 345 U.S. 514, 73 S.Ct. 856, 97 L.Ed. 1211, what was implicit in the *Hughes* and *First National Bank* cases was made explicit. In *Wells,* the Court said at page 518, 73 S.Ct. at page 858: "The crucial factor in those two cases was that the forum laid an uneven hand on the causes of action arising within and without the forum state. Causes of action arising in sister states were discriminated against."

In *Wells,* an entirely different situation was presented and a different result was reached. The principal question there was whether the statute of limitations of two years in Pennsylvania or the one year statute in Alabama was applicable to an action created by the Alabama law. The District Court found that the Pennsylvania conflicts of law rule called for the application of its own limitation. The Supreme Court held that such application did not violate the Full Faith and Credit Clause of the United States Constitution. The limitation was applied equally to all such actions, whether arising within or without the state.

Still another case relied on by plaintiffs is Posner v. Travelers Insurance Company (1965), 244 F.Supp. 865. There, the plaintiff, a citizen of Illinois, was injured in Wisconsin. He filed suit in the District Court of the United States for the Northern District of Illinois. The plaintiff invoked the direct action statute of the State of Wisconsin. Judge Will denied a motion to dismiss. We must agree that this decision is favorable to plaintiff's contentions in the instant case. However, the rule in *Posner* cannot be applied here. *Posner* was decided prior to the decision of the Illinois Supreme Court in Marchlik v. Coronet Insurance Company, *supra,* which stated that in fact Illinois was opposed to permitting such actions in its courts.

In view of the strong statement of the Illinois Supreme Court in *Marchlik,* we must consider that the decision in *Posner* does not now repre-

sent the law in Illinois. And the decisions of the United States Supreme Court indicate that Illinois is entitled to apply its public policy to all actions, both those arising within and those arising without the state.

The order and judgment of the District Court granting defendant's motion to dismiss is

Affirmed.