**Patrick J. BRINDLE, Plaintiff,**

v.

**The CHESAPEAKE & OHIO RAILWAY COMPANY, a corporation, Defendant.**

**No. 72 C 1004.**

United States District Court,
N. D. Illinois.

April 25, 1973.

John A. McGuire, of McGuire & Haney, Chicago, Ill., Robert N. Stone, Eugene A. Rerat, Rerat, Crill, Foley & Boursier, Minneapolis, Minn., for plaintiff.

James Alesia, of John H. Gobel, James H. Alesia, and Francis D. Mulvihill, Chicago, Ill., for defendant.

## MEMORANDUM OPINION AND ORDER

BAUER, District Judge.

This motion comes on defendant's motion to transfer pursuant to 28 U.S.C. § 1404(a). The action, arising under the Federal Employers' Liability Act, 45 U.S. C. §§ 51–60, involves a claim for personal injury allegedly suffered by plaintiff while working in defendant's railroad yard.

In support of its motion defendant asserts that litigation of the cause would be more convenient if conducted in the Eastern District of Kentucky at Catlettsburg, Kentucky, which is a District wherein the suit originally could have been brought, pursuant to 45 U.S.C. § 56, since the cause of action arose therein. Plaintiff responds by contending that his choice of forum should be upheld, especially since it is centrally located with respect to the various witnesses.

Maintaining that the Eastern District of Kentucky is the most convenient forum for this action, defendant notes (1) that the accident complained of occurred in the Eastern District of Kentucky, (2) that the witnesses subject to the subpoena power of the District Court for the Eastern District of Kentucky include all of defendant's nonmedical witnesses, as well as four physicians who might be called to testify, (3) that six potential medical witnesses practice in Clifton Forge, Virginia, are considerably closer

to Catlettsburg, Kentucky than to Chicago, Illinois, and (4) that neither plaintiff's nor defendant's medical witnesses are within the subpoena power of the District Court for the Northern District of Illinois.

Although plaintiff asserts (1) that all occurrence witnesses reside in or near Peru, Indiana, which is considerably closer to Chicago than to Catlettsburg, (2) that neither plaintiff's nor defendant's medical witnesses are located within the Eastern District of Kentucky, (3) that travel to Kentucky would present substantial inconvenience to plaintiff's physicians in Minneapolis, Minnesota, and (4) that defendant's medical witnesses examined plaintiff in only a perfunctory manner, the Court does not consider these factors to be controlling.

■ The Court notes that 28 U.S.C. § 1404(a) provides that

"[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

Since convenience is given primary consideration in the statute, this Court is of the opinion that upon a showing of substantial inconvenience, absent persuasive reasons to retain the action, a transfer should be granted.

■■ While the Court agrees with plaintiff that its choice of forum should be given great weight, Swanson v. Badger Mutual Insurance Co., 275 F.Supp. 544 (N.D.Ill.1967), nevertheless, the Seventh Circuit in Chicago, Rock Island & Pacific Ry. Co. v. Igoe, 220 F.2d 299, 304 (7th Cir. 1955), quoted from Josephson v. McGuire, 121 F.Supp. 83, 84 (D.Mass. 1954), as follows:

"A large measure of deference is due to the plaintiff's freedom to select his own forum. Yet this factor has minimal value where none of the conduct complained of occurred in the forum selected by the plaintiff."

In the instant case the conduct complained of did not occur in this District. Furthermore, none of the witnesses is subject to the subpoena power of this Court. Consequently, the inconvenience of a trial in this Court, both to defendant and to the majority of witnesses, is substantial by comparison with the asserted inconvenience to the two physicians residing in Minneapolis. Furthermore, the timeliness of defendant's motion and the comparative congestion of dockets in the Northern District of Illinois and in the Eastern District of Kentucky are not determinative elements of the instant motion. Sypert v. Bendix Aviation Corp., 172 F.Supp. 480 (N.D. Ill.1958), mandamus denied sub nom., 266 F.2d 196 (7th Cir. 1959), cert. denied, 361 U.S. 832, 80 S.Ct. 82, 4 L.Ed.2d 74 (1959); Peyser v. General Motors Corp., 158 F.Supp. 526 (S.D.N.Y.1958).

Accordingly, it is hereby ordered that for the convenience of the parties and witnesses, and in the interests of justice, this cause be transferred to the United States District Court for the Eastern District of Kentucky at Catlettsburg, Kentucky, where it might have been brought.