## CIRCUIT COURT OF THE CITY OF ALEXANDRIA

Julie Menzel

v.

Estate of John R. Menzel et al.

October 17, 1985

Case No. (Law) 9885

By JUDGE DONALD H. KENT

The plaintiff, Julie Menzel, was injured in an automobile accident on June 22, 1983, in Juneau County, Wisconsin. She was a passenger in a car which was being driven by her brother, John Menzel. The collision killed John Menzel and caused the injuries to the plaintiff which are the subject matter of this law suit. Both the plaintiff and her deceased brother were residents of Alexandria, Virginia. The automobile was owned by the plaintiff.

The plaintiff filed suit in Alexandria Circuit Court, naming the Estate of John Menzel; Maryland Casualty Company (insurer of the deceased); State Farm Insurance Company (insurer of plaintiff's automobile); and William Schecter (agent of State Farm). The suit seeks to hold all defendants jointly liable for the injuries caused by the accident as well as claims against State Farm and Schecter for intentional inflection of emotional distress. The defendants moved to dismiss the action contending that under Virginia law the joinder of the insurance companies was improper under Va. Code § 8.01-5(B). Defendants further contend that the joinder of the intentional infliction of emotional distress claim was also improper as a cause of action separate and apart from the cause of action for negligence in the auto accident.

The plaintiff contends that both joinders are proper under Wisconsin law which as *lex loci delicti* controls the disposition of this case.

In resolving conflicts of laws, the settled rule in Virginia is that the substantive rights of the parties in a multi-state tort action are governed by the law of the place of the wrong. *McMillan v. McMillan*, 219 Va. 1127 (1979). In transitory actions, matters of substantive law are governed by the law of the place of transaction and matters of remedy and procedure are governed by the law of the place where the action is brought. *Willard v. Aetna*, 213 Va. 481 (1973).

The insurance contracts were Virginia contracts, the Menzels were both Virginia residents and the contracts were entered into in Virginia. Virginia law should apply unless Wisconsin provides the plaintiff with a substantive right. The Court finds that the Wisconsin statutes (Sections 632.24 and 803.04(2)) do not confer a substantive right upon the plaintiff. The first section (§ 634.24) is applicable only to policies of insurance which are delivered or issued for delivery in Wisconsin. The second section (§ 803.04(2)) has been held to be a procedural statute under Wisconsin law. *Frye v. Angst*, 137 N.W.2d 430 (1965), and *Miller v. Watkins*, 142 N.W.2d 855 (1966). Under Virginia law the insurance companies cannot be joined as parties and their motion to dismiss them from this action is granted. Va. Code § 8.01-5(B).

Wisconsin allows an unlimited right of claim joinder. While in Virginia claims may be joined only when they arise out of the same transaction or occurrence. The law of the forum controls all matters pertaining to remedy and procedure including the joinder of causes of action. *Corpus Juris Secundum*, vol. 15A, "Conflict of Laws," Sec. 22. Applying Virginia law, the cause of action against State Farm and William Schecter is improperly joined.