Beilfuss, J.
 

 The sole issue before the court is whether on these pleadings the insurance companies, or either of
 
 *582
 
 them, may be named as parties to the action and be sued by the plaintiff before liability under the policies is established. The questions of direct liability of the insurers to the plaintiff and coverage under the policies are not before this court.
 

 The two pertinent statutes are:
 

 “204.30 (4) Any bond or policy of insurance covering liability to others by reason of the
 
 operation
 
 of a motor vehicle shall be deemed and construed to contain the following conditions : That the insurer shall be liable to the persons entitled to recover for the death of any person, or for injury to person or property, irrespective of whether such liability be in praesenti or contingent and to become fixed or certain by final judgment against the insured, when caused by the negligent
 
 operation, maintenance, use or defective construction of the vehicle
 
 described therein, such liability not to exceed the amount named in said bond or policy.” (Emphasis added.)
 

 “260.11 (1) ... In any
 
 action
 
 for damages caused by the
 
 negligent operation, management or control of a motor vehicle,
 
 any insurer of motor vehicles, which has an interest in the outcome of such controversy adverse to the plaintiff or any of the parties to such controversy, or which by its policy of insurance assumes or reserves the right to control the prosecution, defense or settlement of the claim or action of the plaintiff or any of the parties to such claim or action, or which by its policy agrees to prosecute or defend the action brought by the plaintiff or any of the parties to such action, or agrees to engage counsel to prosecute or defend said action, or agrees to pay the costs of such litigation, is by this section made a proper party defendant in any action brought by plaintiff in this state on account of any claim against the insured. The right of direct action herein given against an insurer against liability for damages to persons other than the insured arising out of the negligent operation, management or control of a motor vehicle shall exist whether the policy of insurance sued upon was issued or delivered in the state of Wisconsin or not and whether or not the policy or contract of insurance contains a provision forbidding such
 
 *583
 
 direct action, provided the accident or injury occurred in the state of Wisconsin.” (Emphasis added.)
 

 Sec. 204.30 (4), Stats., provides for the direct
 
 liability
 
 of the insurer to the injured party when the conditions of that section are met. Sec. 260.11 (1) is a procedural statute to allow direct
 
 action
 
 by the injured party against the insurer when the conditions of that section are met.
 

 The history of these statutes, as pointed out in
 
 Snorek v. Boyle
 
 (1962), 18 Wis. (2d) 202, 206, 207, 118 N. W. (2d) 132, and
 
 Smedley v. Milwaukee Automobile Ins. Co.
 
 (1961), 12 Wis. (2d) 460, 465, 466, 107 N. W. (2d) 625, requires that these statutes be considered together.
 
 Morgan v. Hunt
 
 (1928), 196 Wis. 298, 220 N. W. 224, held valid under what is now sec. 204.30 (4), a no-action clause prohibiting any action on the policy until the liability of the insured was established. The legislature, at its very next session in 1929, renumbered that section and amended it by providing that direct liability should exist even though the liability of the insured may not yet be fixed. However, the next case,
 
 Bergstein v. Popkin
 
 (1930), 202 Wis. 625, 233 N. W. 572, held that the statute did not authorize direct action against an insurer where a no-action clause existed in its policy. The court suggested that the direct-liability statute needed a supplemental procedural statute to allow a plaintiff to make an insurer a party defendant despite the no-action clause in its policy.
 

 The legislature responded to the
 
 Berg stein Case
 
 by amending sec. 260.11 (1), Stats., to its present status. Thus, the history makes clear, as pointed out in
 
 Snorek v.
 
 Boyle,
 
 supra,
 
 at page 207, that we look to sec. 204.30 (4) to determine if there is direct liability and to sec. 260.11 (1) to determine if the insurer may be made a party to the action despite its no-action clause.
 

 
 *584
 
 For purposes of this case we may assume that Ohio Farmers and Mutual Service are directly liable to the plaintiff under the language “negligent operation,
 
 maintenance,
 
 use or defective construction of the vehicle. ...” in sec. 204.30(4), Stats. (Emphasis added.) However, we do not decide that point, as it is not in issue on this appeal.
 

 Plaintiff contends that the two statutes are coextensive because there appears to be no reason for the legislature to grant direct liability and refuse to allow direct action against the insurer. Plaintiff further contends that the language “management or control” of sec. 260.11 (1), Stats., is broad enough to encompass the maintenance situation admittedly involved here.
 

 We are unable to agree with plaintiff’s contentions. The plain language of secs. 204.30 (4) and 260.11 (1), Stats., indicates that they are not identical. Sec. 204.30 (4) provides for direct liability when injury is “caused by the negligent
 
 operation, maintenance, use or defective construction
 
 of the vehicle . . . .” (Emphasis added.) This language is extremely broad. It encompasses a myriad of situations in which a motor vehicle may be in some way involved with injuries to third parties. The obvious public policy is to incorporate into automobile liability policies, by operation of law, the broadest possible coverage to protect third parties. Insurance companies should not be permitted to avoid liability to third parties by contracting with the insured to narrowly restrict coverage.
 

 On the other hand, sec. 260.11 (1), Stats., provides for direct action against an insurer “[i]n any action for damages caused by the negligent
 
 operation, management or control
 
 of a motor vehicle, . . .” (Emphasis added.) It appears that the legislature chose to grant broad direct liability but to somewhat restrict direct action. In 1929, as noted in
 
 Bergstein v. Popkin, supra,
 
 at pp. 628, 629, the legislature had before it bills to grant direct liability
 
 and
 
 to allow direct ac
 
 *585
 
 tion. (Bills 221, S., and 578, A.; Bills 220, S., and 579, A.) Only the direct-liability bill passed. This court stated in regard to the legislative action:
 

 “If it had been the purpose of the legislature to enact a statute which would prevent an insurer from making a contract with the insured, postponing the time when an action might be brought against it to a time when the injured party had secured judgment against the insured, or the matter had been agreed upon by the parties, it failed to use language which conveys that thought. The act which was passed . . . by its terms related wholly and solely to ‘liability,’ while the bill which was refused passage related distinctly to who might be made parties defendant. The legislature quite evidently was willing to make the liability of the insurer to the injured person as absolute as possible but was not willing to deprive the insurer of the right to postpone suit against it until the amount of the damage had been ascertained as provided. . . .”
 
 Bergstein v. Popkin, supra,
 
 at page 629.
 

 Thus, the legislature determined to provide direct liability in certain situations and to disallow direct actions. The legislature has since provided for direct action, but it is limited to the terms of sec. 260.11 (1), Stats., and is not necessarily coextensive with sec. 204.30 (4).
 

 Sec. 260.11 (1), Stats., is not identical to or as broad as sec. 204.30 (4) ; it is much narrower when one places the language in the context of the sequence of events leading to its passage. Sec. 260.11 (1), as it stands today, grew out of a series of statutory amendments following judicial construction of existing statutes. After the
 
 Bergstein Case
 
 in 1930 held that sec. 204.30 (4) [then sec. 85.93] did not provide any procedural machinery for naming the insurer as a defendant, the legislature provided this machinery. Sec. 260.11 (1) is the result. The legislature was presented with a very specific and narrow problem when it created sec. 260.11 (1). The legislature necessarily looked at sec. 204.30 (4), since the interpretation of that section in
 
 Bergstein
 
 pointed out the
 
 *586
 
 need for a procedural statute. Its failure to use in sec. 260.11 (1) the identical language of sec. 204.30 (4) cannot be considered an oversight. The difference in language under these circumstances compels the construction that the statutes are not coextensive.
 

 This conclusion becomes more obvious when one looks at the language of sec. 260.11 (1), Stats., in its legal context. The statute is a procedural one involving who can be named parties in a lawsuit. The language “operation, management or control” has a familiar ring in automobile accident litigation. For decades lawyers and judges have spoken of management and control as elements in the manipulation of a moving motor vehicle in considering the negligence of the driver. “Maintenance” of an automobile has never been considered a part of operation, or of management and control. Maintenance connotes a state of physical repair; management and control refers to the manner of its use. And even in their dictionary senses these words do not readily admit of the inclusion of maintenance.
 

 Plaintiff contends that sec. 260.11 (1), Stats., is a remedial statute and is therefore deserving of liberal construction, as announced in
 
 Ermis v. Federal Windows Mfg. Co.
 
 (1959), 7 Wis. (2d) 549, 97 N. W. (2d) 485. However, while that section is to be liberally construed as remedial, it cannot be construed beyond the scope of the legislature’s intention as it appears from the language used. Courts must pay deference to the legislature in statutory matters, and if sec. 260.11 (1) is to be broadened, it should be amended by the legislature, not by strained judicial construction.
 

 The legislature has not announced a general policy of granting direct liability and allowing direct actions against all insurers. The policy of direct action is found only in the language of secs. 204.30 (4) and 260.11 (1), Stats. The court should not extend this policy beyond the pronouncement of the legislature.
 

 
 *587
 
 In view of the foregoing, we conclude that in an action based on the negligent maintenance of an automobile, sec. 260.11 (1), Stats., does not apply so as to allow insurers to be joined directly as defendants to the action.
 

 By the Court.
 
 — Order affirmed.