SHIPMAN, by Guardian *ad litem,* and another, Appellants, v. KENOSHA UNIFIED SCHOOL DISTRICT No. 1 and others, Respondents.

*No. 372. Argued February 28, 1973.—Decided March 27, 1973.*
(Also reported in 205 N. W. 2d 399.)

For the appellants there was a brief by *Cotton, Rose & Rose* and *William S. Rose* and *Terry W. Rose,* all of Kenosha, and oral argument by *William S. Rose.*

For the respondent there was a brief by *Foley & Capwell, S. C.,* of Racine, and oral argument by *Rex Capwell* and *Thomas E. Greenwald* of Racine.

HALLOWS, C. J.  Prior to the accident, which occurred on July 19, 1971, Employers had on January 1, 1970, issued a "combination casualty" insurance policy to the defendant school district. This policy, under the heading "Conditions," provided that no action would lie against the company until all the terms of the policy had been complied with or the amount of the insured's obligation

had been determined by a judgment or by written agreement. This broad restriction is known as the "no-action clause." The paragraph immediately following this clause provided that a person who had secured a judgment or written agreement would thereafter be entitled to recover under the policy. The following sentence provided a condition which is the heart of the issue in this case, namely, that no person or organization would have any right under the policy to join the company as a party to any action against the insured to determine the insured's liability.[1]

At the time of this action, sec. 260.11 (1), Stats.,[2] our direct-action statute, applied to all policies of insurance

[1] "5. **Action Against Company.** No action shall lie against the company unless, as a condition precedent thereto, there shall have been full compliance with all of the terms of this policy, nor until the amount of the insured's obligation to pay shall have been finally determined either by judgment against the insured after actual trial or by written agreement of the insured, the claimant and the company.

"Any person or organization or the legal representative thereof who has secured such judgment or written agreement shall thereafter be entitled to recover under this policy to the extent of the insurance afforded by this policy. No person or organization shall have any right under this policy to join the company as a party to any action against the insured to determine the insured's liability, nor shall the company be impleaded by the insured or his legal representative. Bankruptcy or insolvency of the insured or of the insured's estate shall not relieve the company of any of its obligations hereunder."

[2] "260.11 **Who as defendants.** (1) Any person may be made a defendant who has or claims an interest in the controversy adverse to the plaintiff, or who is a necessary party to a complete determination or settlement of the questions involved therein. . . . In any action for damages caused by negligence, any insurer which has an interest in the outcome of such controversy adverse to the plaintiff or any of the parties to such controversy, or which by its policy of insurance assumes or reserves the right to control the prosecution, defense or settlement of the claim or action of the plaintiff or any of the parties to such claim or action, or which by its policy agrees to prosecute or defend the action

indemnifying against negligence; therefore, the first condition of Employers' policy prohibiting direct action is of no effect because it is in violation of the statute. The Shipmans claim it therefore follows that they may maintain this suit against the school district and its insurer. Employers, however, argues that such a suit is prevented by the conditions which require the obtaining of a judgment against the insured school district and, as a corollary to this liability, provide that the insurer may not be joined in a suit to recover the judgment against its insured.

At the time the policy was issued, sec. 204.30 (4), Stats. 1969,[3] a direct-liability section, applied only to insurance covering the negligent "control, maintenance, use or defective construction" of the motor vehicle and not to the type of negligence we have here, which does not involve a motor vehicle. It is true that after the policy was issued but before the injury occurred, sec. 204.30 (4) was amended so that it applies to the same risks to which sec. 260.11 (1) applies. See Laws of 1971, ch. 26. Employers, we think, validly contends that the amended

brought by the plaintiff or any of the parties to such action, or agrees to engage counsel to prosecute or defend said action, or agrees to pay the costs of such litigation, is by this section made a proper party defendant in any action by plaintiff in this state on account of any claim against the insured. . . ."

[3] "204.30 **Accident insurance and highway traffic policy provisions.** . . .

"(4) LIABILITY OF INSURER. Any bond or policy of insurance covering liability to others by reason of the operation of a motor vehicle shall be deemed and construed to contain the following conditions: That the insurer shall be liable to the persons entitled to recover for the death of any person, or for injury to person or property, irrespective of whether such liability be in praesenti or contingent and to become fixed or certain by final judgment against the insured, when caused by the negligent operation, management, control, maintenance, use or defective construction of the vehicle described therein, such liability not to exceed the amount named in said bond or policy."

sec. 204.30 (4) cannot be applied retroactively so as to convert its liability from one of contingency, which requires the securing of a judgment as a condition precedent, to a direct liability to the insured person. Such a statute cannot be applied retroactively unless retroactivity was intended by the legislature and such intention clearly manifested in the legislation. *See Keeley v. Great Northern Ry. Co.* (1909), 139 Wis. 448, 121 N. W. 167; *Bair v. Staats* (1960), 10 Wis. 2d 70, 102 N. W. 2d 267; *see also Miller v. Wadkins* (1966), 31 Wis. 2d 281, 142 N. W. 2d 855. No such intention is shown.

Thus the issue in this case arises because at the time the policy was issued, sec. 260.11 (1), Stats., applied to all policies insuring against negligence, but sec. 204.30 (4) applied only to insurance policies covering liability by reason of the negligent control, maintenance, use or defective construction of a motor vehicle, which is not involved in this suit.

Although the history of these two statutes shows the legislature has attempted to keep these sections, like a team of horses, pulling the same load, it has not always been successful. The predecessor of sec. 204.30 (4) was created by the Laws of 1925, ch. 341, as sec. 85.25, Stats.,[4] while the predecessor of sec. 260.11, insofar as it affects this case, was created by the Laws of 1931, ch. 375, sec. 1.

What is now sec. 204.30 (4), Stats., was originally treated as a procedural statute, giving the plaintiff the right to join an insurance carrier as a party defendant

---

[4] "85.25 Any bond or policy of insurance covering liability to others by reason of the operation of a motor vehicle shall be deemed and construed to contain the following conditions: That the insurer shall be liable to the persons entitled to recover for the death of any person, or for injury to person or property, caused by the negligent operation, maintenance, use, or defective construction of the vehicle described therein, such liability not to exceed the amount named in said bond or policy."

in an action against his insured. In *Ducommun v. Inter-State Exchange* (1927), 193 Wis. 179, 212 N. W. 289, rehearing denied, 214 N. W. 616, this court held that sec. 85.25 gave to the plaintiff a "right of action" against both an insured and his insurance carrier. In *Bro v. Standard Accident Ins. Co.* (1927), 194 Wis. 293, 215 N. W. 431, this court stated at page 296: "The only effect of the statute is to permit the insurance company to be made a party defendant in those cases where the policy creates a liability against the insurance carrier." *See also Stransky v. Kousek* (1929), 199 Wis. 59, 225 N. W. 401. And in *Bachhuber v. Boosalis* (1930), 200 Wis. 574, 229 N. W. 117, the court noted that sec. 85.25 provided for "direct liability *and for joining the insurer* with the insured in an action where there is ultimate liability on the insurer on its contract of insurance." (Emphasis added.) But none of the policies in these cases contained a "no-action" clause.

Commencing with *Morgan v. Hunt* (1928), 196 Wis. 298, 220 N. W. 224, this court made a distinction between direct action and direct liability and held that a no-action clause did not attempt to limit the liability of the insurer but fixed the time when such liability might be enforced. The court pointed out that where a no-action clause was not inserted in the policy, the insurer could be joined under our practice. Following the decision in *Morgan*, sec. 85.25, Stats., was amended by the Laws of 1929, ch. 467,[5] which required in effect that certain in-

---

[5] The statute thereafter read as follows, the added language being italicized to reflect the amendment:

"Any bond or policy of insurance covering liability to others by reason of the operation of a motor vehicle shall be deemed and construed to contain the following conditions: That the insurer shall be liable to the persons entitled to recover for the death of any person, or for injury to person or property, *irrespective of whether such liability be in praesenti or contingent and to become fixed or certain by final judgment against the insured, when* caused by the negligent operation, maintenance, use or defective

surance policies should contain a clause making the insurer liable irrespective of whether the liability was presently existing, contingent, or to be fixed by a final judgment against the insured. That same year by ch. 454, sec. 2, the statute was renumbered sec. 85.93. This amendment was held in *Bergstein v. Popkin* (1930), 202 Wis. 625, 233 N. W. 572, not to affect the holding of *Morgan* because the section related solely to liability and contained no language which would prohibit a clause postponing the time when an action might be brought against the insurer. Thus the liability of the insurer was made direct to the injured party, but the insurer was left with the right to postpone a suit to enforce that liability if it so desired. In 1931 the legislature created the direct-action statute by adding to the then sec. 260.11 (1) the following language:

"In any action for damages caused by the negligent operation, management or control of a motor vehicle, any insurer of motor vehicles, which has an interest in the outcome of such controversy adverse to the plaintiff . . . is by this section made a proper party defendant in any action brought by plaintiff on account of any claim against the insured." Laws of 1931, ch. 375, sec. 1.

For over thirty years, until 1965, there was no controversy of merit involving any inconsistency between the two statutes. Both were applied as if they were coextensive. An insurer was sued with the insured although the policy provided no action could be brought and the insurer was not liable until judgment was recovered against the insured. Sec. 85.93, Stats., was renumbered sec. 204.30 (4), by the Laws of 1957, ch. 260, sec. 18, and sec. 260.11 (1) remained unchanged except for an amendment not relevant to this case. The litigation involving these statutes concerned issues of whether the particular machine or automatic device involved in the accident con-

construction of the vehicle described therein, such liability not to exceed the amount named in said bond or policy."

stituted a "motor vehicle" within the meaning of the two sections. *See Smedley v. Milwaukee Automobile Ins. Co.* (1961), 12 Wis. 2d 460, 107 N. W. 2d 625; *Norton v. Huisman* (1962), 17 Wis. 2d 296, 116 N. W. 2d 169; *Snorek v. Boyle* (1962), 18 Wis. 2d 202, 118 N. W. 2d 132; *Rice v. Gruetzmacher* (1965), 27 Wis. 2d 46, 133 N. W. 2d 401; *Newberger v. Pokrass* (1965), 27 Wis. 2d 405, 134 N. W. 2d 495; *Neumann v. Wisconsin Natural Gas Co.* (1965), 27 Wis. 2d 410, 134 N. W. 2d 474.

However, in 1965, in *Frye v. Angst,* 28 Wis. 2d 575, 137 N. W. 2d 430, the issue was raised whether the direct liability in sec. 204.30 (4), Stats., when caused by the negligent "operation, maintenance, use or defective construction of the vehicle" was identical in coverage and meaning to the language in the direct-action section, sec. 260.11 (1), which applied to "damages caused by the negligent operation, management or control of a motor vehicle." In *Frye* the court noted that sec. 204.30 (4) provided for direct liability while sec. 260.11 (1) was a procedural statute providing for direct action and the two sections were not identical in wording or in purpose. Consequently, despite the broad provisions of sec. 204.30 (4), a direct action could not be maintained against an insurer unless it involved the negligence covered by sec. 260.11 (1), namely, the negligent operation, management or control of the motor vehicle.

However, in 1967 the legislature amended sec. 260.11 (1), Stats., so as to provide for direct action in cases involving negligent "operation, management, control, maintenance, use or defective construction of a motor vehicle" and also amended the language of sec. 204.30 (4), so that the two sections were uniform in their application to the type of negligence. Thus the horses in the team pulled equally, but unfortunately not for long. In 1969 by ch. 198, sec. 260.11 (1), the direct-action statute, was amended to enlarge its applica-

tion to all actions for damages caused by negligence. But sec. 204.30 (4), the other horse in the team, was not amended and continued to apply only to the much narrower field of negligent operation, management, control, maintenance, use or defective construction of a motor vehicle.

The Shipmans cannot join Employers in this action because there is no direct liability for the type of negligence involved. They may sue the insured to recover a judgment for negligence and when that judgment is recovered, the policy provisions give them a direct cause of action against Employers. The clause in the policy forbidding the joinder of the insurance company in a suit to recover a judgment against its insured is an essential part of Employers' liability, inserted to protect it from the jury's knowing there is insurance when a suit is maintained to recover a judgment against the insured. This restriction at the time of the accident was valid and governed by sec. 204.30 (4), Stats., and excluded the application of sec. 260.11 (1). The fact the legislature later amended sec. 204.30 (4) so as to cover this case indicates its action in amending sec. 260.11 (1) fell short of fulfilling its purpose, if it intended by sec. 260.11 (1) to permit a direct action jointly against both the insured and the insurer for all types of negligence. The legislature must say what it means; this court cannot supply an amendment to sec. 204.30 (4).

*By the Court.*—Judgment affirmed.