Jerald M. KENISON and Darlene A. Kenison, Plaintiffs-Respondents,†

v.

WELLINGTON INSURANCE COMPANY, Defendant-Appellant,

Beate BOPP, Mr. Submarine, Ltd., Wisconsin Mutual Insurance Company and Employers Health Insurance Company, Defendants.

Court of Appeals

*No. 97–1758. Submitted on briefs March 16, 1998.—Decided April 21, 1998.*

(Also reported in 582 N.W.2d 69.)

†Petition to review denied.

On behalf of the defendant-appellant, the cause was submitted on the briefs of *Bradley M. Jones* of *Meagher & Geer P.L.L.P.* of Minneapolis, MN.

On behalf of the plaintiffs-respondents, the cause was submitted on the brief of *Boad S. Swanson* and *Toby E. Marcovich* of *Marcovich, Cochrane & Milliken* of Superior.

Before Cane, P.J., Myse and Hoover, JJ.

CANE, P.J. Wellington Insurance Company appeals a nonfinal order denying its motion for summary judgment.[1] Wellington contends it is entitled to judgment as a matter of law because Jerald and Darlene Kenison cannot maintain a direct action against it under Wisconsin statutes because Wellington did not deliver or issue for delivery a policy of insurance in this state. We agree and therefore reverse the trial court's denial of Wellington's motion for summary judgment.

The facts of the case are not disputed. Jerald Kenison sustained injuries in an automobile accident that occurred in Superior, Wisconsin, in September 1991, between himself and Beate Bopp, an employee of Mr. Submarine, Ltd., a Canadian corporation insured by Wellington. Wellington is also a Canadian company. Neither Mr. Submarine nor Wellington conducts any business in Wisconsin or any other state in the United States. While Bopp was delivering a car from one

---

[1] Wellington's petition for leave to appeal the trial court's nonfinal order denying summary judgment was granted by this court's order dated July 18, 1997.

Canadian Mr. Submarine location to another, she drove through Wisconsin and was involved in the accident with Kenison.

Kenison filed a summons and complaint in September 1994, naming as defendants Bopp, Mr. Submarine, and Wellington. The only party timely served, however, was Wellington, and the actions against Bopp and Mr. Submarine were dismissed with prejudice.

Wellington moved for summary judgment on the ground it was not subject to direct action under §§ 632.24 and 803.04(2)(a), STATS.[2] Specifically, it argued that § 632.24 was inapplicable by virtue of § 631.01, STATS.,[3] since it neither delivered nor issued

---

[2] A direct action is brought under a statutory scheme including both a substantive and procedural component. The substantive portion, § 632.24, STATS., is entitled **"Direct action against insurer,"** and provides:

> Any bond or policy of insurance covering liability to others for negligence makes the insurer liable, up to the amounts stated in the bond or policy, to the persons entitled to recover against the insured for the death of any person or for injury to persons or property, irrespective of whether the liability is presently established or is contingent and to become fixed or certain by final judgment against the insured.

The procedural portion, § 803.04, STATS., is entitled **"Permissive joinder of parties,"** and provides in pertinent part:

> (2) NEGLIGENCE ACTIONS: INSURERS. (a) In any action for damages caused by negligence, any insurer which has an interest in the outcome of such controversy adverse to the plaintiff . . . is by this section made a proper party defendant in any action brought by plaintiff in this state on account of any claim against the insured. If the policy of insurance was issued or delivered outside this state, the insurer is by this paragraph made a proper party defendant only if the accident, injury or negligence occurred in this state.

[3] Section 631.01, STATS., sets forth the application of the insurance statutes, and provides in relevant part:

for delivery a policy of insurance in Wisconsin. The trial court concluded that although § 632.24 should be considered in light of § 631.01, a direct action was nevertheless proper against Wellington under § 631.01(1)(c) because § 803.04(2)(a) allowed direct action against an insurer if the policy is issued outside Wisconsin as long as the accident occurred in Wisconsin. Wellington argues the trial court's interpretation of § 631.01(1)(c) erroneously expands the basis for direct action to include policies issued outside Wisconsin based on the language of § 803.04(2)(a). We agree.

We review a denial of a motion for summary judgment de novo, employing the same methodology as the trial court. *Green Spring Farms v. Kersten*, 136 Wis. 2d 304, 315, 401 N.W.2d 816, 820 (1987). Summary judgment is appropriate when there is no genuine issue of material fact present and the moving party is entitled to judgment as a matter of law. Section 802.08(2), STATS.; *Kersten*, 136 Wis. 2d at 317, 401 N.W.2d at 821.

To resolve this case, we must interpret § 631.01, STATS., to determine whether it limits the application of § 632.24, STATS., to policies of insurance delivered or issued for delivery in Wisconsin. This is a question of law we review de novo without deference to the trial court's determination. *Kluth v. General Cas. Co.*, 178 Wis. 2d 808, 815, 505 N.W.2d 442, 445 (Ct. App. 1993). The purpose of statutory construction is to determine legislative intent. *Id.* We begin by examining the plain

---

(1) GENERAL. This chapter and ch. 632 apply to all insurance policies and group certificates delivered or issued for delivery in this state . . . except:

. . . .

(c) As otherwise provided in the statutes.

language of the statute, and if the language is not ambiguous, we apply the plain meaning of the statute to the facts before us. *See Zimmerman v. DHSS*, 169 Wis. 2d 498, 504–05, 485 N.W.2d 290, 292 (Ct. App. 1992). Only if the statute is ambiguous do we attempt to discern legislative intent by looking beyond the language to the scope, history, context, subject matter and object of the statute. *Id.*

Wellington contends the clear, unambiguous language of § 631.01(1), STATS., limits the application of statutes in chs. 631 and 632, STATS., to policies of insurance delivered or issued for delivery in Wisconsin. It asserts § 631.01(1) sets a threshold for application of § 632.24, STATS., and argues that because it is undisputed that Wellington did not deliver or issue for delivery the underlying policy in Wisconsin, Kenison has no viable direct action against it.

Section 631.01(1), STATS., provides:

**Application of statutes. (1)** GENERAL. This chapter and ch. 632 apply to all insurance policies and group certificates *delivered or issued for delivery in this state*, on property ordinarily located in this state, on persons residing in this state when the policy or group certificate is issued, or on business operations in this state, except:

(a) As provided in ss. 600.01 and 618.42;

(b) On business operations in this state if the contract is negotiated outside this state and if the operations in this state are incidental or subordinate to operations outside this state, unless the contract is for a policy of insurance to cover a warranty, as defined in s. 100.205(1)(g), in which case the provisions set forth in sub. (4m) apply; and

(c) As otherwise provided in the statutes. (Emphasis added.)

705

The plain language of § 631.01(1) provides that chs. 631 and 632 apply to policies delivered or issued for delivery in Wisconsin, and lists three categories where chs. 631 and 632 do not apply. The exceptions to § 631.01 do not expand the application of chs. 631 and 632; rather, they further limit the application of those chapters. Nowhere in § 631.01(1) does the language address the applicability of these two chapters to policies delivered or issued for delivery in a place other than Wisconsin.

Wellington also asserts that the case law addressing direct action issues since § 631.01(1), STATS., became effective June 22, 1976,[4] supports the conclusion that a direct action cannot be maintained against it. In *Decade's Monthly Income & Appreciation Fund v. Whyte & Hirschboeck, S.C.,* 173 Wis. 2d 665, 495 N.W.2d 335 (1993), the court decided whether a direct action could be maintained against an insurer who issues a policy of indemnity insurance rather than liability insurance. In holding that direct action was available, the court recounted the development of the direct action suit in Wisconsin, and reiterated the analysis that a direct action is evaluated in light of the statutory scheme including the substantive right provided in § 632.24, STATS., and the procedural right set forth in § 803.04(2)(a), STATS. *See id.* at 678, 495 N.W.2d at 340. Wellington correctly notes that *Decade's* did not deal with the "threshold" question of applicability of § 632.24 because the indemnity policy in question was apparently delivered or issued for delivery in Wisconsin.

In further support of its contentions, Wellington cites *Bielke v. Iowa Nat'l Mut. Ins. Co.,* 451 F. Supp.

[4] Laws of 1975, ch. 375, § 41.

376 (E.D. Wis. 1978). In *Bielke*, Wisconsin residents were injured in an accident in Iowa and attempted to bring a direct action against Iowa National Mutual insurance Company, a company which had its principal place of business in Iowa and delivered the underlying policy to the insured in Colorado. The court held that plaintiffs could not maintain their action under § 803.04(2)(a), STATS., because the accident did not occur in Wisconsin. Plaintiffs then argued that even if § 803.04(2)(a) would bar their suit, they could still proceed under § 632.24, STATS. Without addressing Wisconsin's practice of considering §§ 632.24 and 803.04(2)(a) conjointly,[5] the court concluded plaintiffs could not maintain a direct action under § 632.24 because § 631.01(1), STATS., provides that "Chapters 631 and 632 of the Wisconsin Statutes apply only to insurance policies delivered or issued for delivery in Wisconsin."[6] *Bielke*, 451 F. Supp. at 378.

Kenison contends he has met both the substantive and procedural requirements for maintaining a direct action against Wellington and argues that § 631.01(1), STATS., does not limit the application of § 632.24, STATS., because § 631.01(1)(c) provides for exceptions "as otherwise provided in the statutes." Section 631.01(1)(c). Kenison argues that there are no cases supporting the inclusion of § 631.01(1) in the analysis

---

[5] *See, e.g., Decade's Monthly Income & Appreciation Fund v. Whyte & Hirschboeck, S.C.*, 173 Wis. 2d 665, 678, 495 N.W.2d 335, 340 (1993) (in order to maintain direct action, requirements of both substantive and procedural direct action statutes must be met); *Barter v. GMC*, 70 Wis. 2d 796, 801, 235 N.W.2d 523, 525–26 (1975).

[6] We recognize that a federal district court's decision on Wisconsin law is not binding. We do, however, view its analysis as helpful.

of direct actions against insurers; that applying § 631.01(1) as a limitation on § 632.24 essentially abrogates § 803.04(2)(a), STATS., which specifically allows for joinder of an insurer when an accident occurs in Wisconsin even though the policy of insurance was issued outside the state; and that *Bielke* is distinguishable from the case at hand. Kenison's arguments are unpersuasive.

First, no Wisconsin cases concerned with direct action decided after the passage of § 631.01, STATS., have considered whether § 632.24, STATS., applies to insurers who deliver or issue for delivery insurance policies outside Wisconsin.[7] Kenison reasons that because the body of direct action case law focuses on the tandem analysis of §§ 632.24 and 803.04(2)(a),[8] he need only demonstrate that his action against Wellington is based in negligence to fulfill the substantive requirements of § 632.24, and that he may name Wellington as a proper party defendant under § 803.04(2)(a), which provides in pertinent part:

> In any action for damages caused by negligence, any insurer which has an interest in the outcome of such controversy adverse to the plaintiff or any of the parties to such controversy . . . is by this section made a proper party defendant in any action brought by plaintiff in this state on account of any claim against the insured. *If the policy of insurance*

---

[7] *See Decade's*, 173 Wis. 2d at 680, 495 N.W.2d at 341 (holding that "direct actions may be maintained against providers of insurance policies covering negligence by the insured regardless of whether the policy is one for indemnity or liability insurance.").

[8] The cases deal with §§ 85.25, 85.93 and 204.30(4), STATS., the predecessor to § 632.24, STATS., and § 260.11, STATS., the predecessor to § 803.04(2)(a), STATS.

*was issued or delivered outside this state, the
insurer is by this paragraph made a proper party
defendant only if the accident, injury or negligence
occurred in this state.* (Emphasis added.)

The cases Kenison relies on, however, were decided
prior to the enactment of § 631.01(1), STATS., which
specifically addressed the applicability of insurance
contracts in general, *see* ch. 631, and in specific lines of
insurance, *see* ch. 632, to policies delivered or issued for
delivery in Wisconsin.[9]

---

[9] *See Frye v. Angst*, 28 Wis. 2d 575, 580–81, 137 N.W.2d 430,
433 (1965) (§§ 204.30(4) and 260.11(1), STATS., must be consid-
ered together, examining § 204.30(4) to determine if there is
direct liability from the insurer to the injured party, and
§ 260.11(1) to determine if the insurer may be properly made a
party to the action despite a no action clause in its policy, but
holding that plaintiff could not maintain a direct action for
negligent maintenance of a motor vehicle because § 260.11(1)
allowed direct actions against insurers for the negligent opera-
tion, management or control of a motor vehicle); *Bowman v.
Rural Mut. Ins. Co.*, 53 Wis. 2d 260, 267, 191 N.W.2d 881, 885
(1971) (where the insurance policy was issued in Wisconsin, and
the accident occurred outside Wisconsin and the insured's cur-
rent whereabouts are unknown, venue is proper either at the
insurer's principal place of business, the insured's last known
residence, or the place the policy was delivered); *Shipman v.
Kenosha Unified Sch. Dist. No. 1*, 57 Wis. 2d 697, 700–01, 205
N.W.2d 399, 401 (1973) (change in § 204.30(4), STATS., to include
all types of negligence cannot be applied retroactively unless
such intention was clearly manifested by the legislature); *Cords
v. State*, 62 Wis. 2d 42, 55, 57, 214 N.W.2d 405, 412, 413 (1974)
(§ 204.30(4) does not apply to the state since it is not a commer-
cial insurer licensed by the state to do business in Wisconsin);
*Barter*, 70 Wis. 2d at 801, 235 N.W.2d at 525 (where insurance
policy was issued in Minnesota, holding that the sale in Wiscon-
sin of a defective motor home manufactured in Minnesota

Next, our decision does not leave injured parties without avenues of redress against insurance companies, as Kenison suggests. If the accident, injury or negligence occurs in Wisconsin, and the insurance policy was issued or delivered outside Wisconsin, although a plaintiff may not pursue the insurer directly because of the § 631.01(1), STATS., limitation, he or she may *join* the insurer as a proper party defendant provided the insured is also a party. *See* § 803.04(2)(a), STATS.

Last, Kenison's attempt to distinguish *Bielke* is unconvincing. Kenison argues that he, unlike the plaintiffs in *Bielke*, has satisfied both §§ 632.24 and 803.04(2)(a), STATS. In *Bielke*, the court rejected plaintiffs' argument that § 632.24 authorized a direct action against the insurer for the same reason present in this case—that the policy was not issued in Wisconsin and § 632.24 was inapplicable because of the limitation in § 631.01(1), STATS. *See Bielke*, 451 F. Supp. at 378.

We conclude the unambiguous language of § 631.01, STATS., limits the application of § 632.24, STATS., to insurance policies delivered or issued for delivery in this state. As previously stated, our inquiry into the legislature's intent in enacting a statute ends if the language of the statute is clear and unambiguous. It is not this court's function to decide what the law ought to be, but rather to construe and apply the law as the legislature has enacted it to the facts before us. *See Mulder v. Acme-Cleveland Corp.*, 95 Wis. 2d 173, 186, 290 N.W.2d 276, 282 (1980). It is the role of the legisla-

constituted negligence for purposes of § 260.11(1), which provided, "If the policy of insurance was issued or delivered outside the state of Wisconsin, the insurer is by this section made a proper party defendant only if the accident, injury or *negligence* occurred in the state of Wisconsin." (Emphasis added.))

ture to evaluate the public policy considerations regarding the wisdom of a statute, just as it is its role to cure unfairness of a statute, if any. *See id.* Based on the undisputed facts that Wellington's policy was not delivered or issued for delivery in Wisconsin and that the insureds were not timely served and therefore are not parties to the case, we conclude Kenison cannot maintain a direct action against Wellington under §§ 632.24 and 803.04(2)(a), STATS. Wellington, therefore, is entitled to judgment as a matter of law. The order denying Wellington's motion for summary judgment is reversed and the case remanded for entry of judgment in favor of Wellington.[10]

, *By the Court.*— Order reversed and cause remanded with directions.

[10] Wellington also argues that even if § 631.01, STATS., does not limit the application of § 632.24, STATS., it is still entitled to summary judgment because Wisconsin cases have limited application of direct action to commercial insurers licensed to do business in Wisconsin, relying on *Schell v. Knickelbein*, 77 Wis. 2d 344, 252 N.W.2d 921 (1977), and *Cords v. State*, 62 Wis. 2d 42, 214 N.W.2d 405 (1974). We do not address this additional argument because we decide the case on other grounds. *See Sweet v. Berge*, 113 Wis. 2d 61, 67, 334 N.W.2d 559, 562 (Ct. App. 1983).