**Timothy WIMMER and Merry Wimmer, Plaintiffs,**

and

**Midwest Security Life Insurance Company, Plaintiff–Subrogee,**

v.

**RENTAL SERVICE CORPORATION, and Liberty Mutual Insurance Company, Defendants,**

and

**Rental Service Corporation, Liberty Mutual Insurance Company, Third–Party Plaintiffs,**

v.

**Rib Mountain Travel Center, LLP, and Capitol Indemnity Corporation, Third–Party Defendants.**

No. 05–C–019–C.

United States District Court, W.D. Wisconsin.

April 28, 2005.

Theodore Dorenkamp III, Minneapolis, MN, Mark P. Wendorff, Douglas J. Klingberg, Wausau, WI, for Defendants.

## OPINION AND ORDER

CRABB, District Judge.

In this civil action, plaintiffs seek damages for injuries resulting from plaintiff Timothy Wimmer's operation of an aerial scissor lift rented from defendant Rental Service Corporation, a policy holder of Liberty Mutual Insurance Company. Alleging contributory negligence, defendants Rental Service Corporation and Liberty Mutual Insurance Company have filed a third-party complaint against (1) Rib Mountain Travel Center LLP, the owner of the property on which plaintiff's injuries occurred and the holder of a policy of insurance issued by Capitol Indemnity Corporation; and (2) Rib Mountain Travel Center, Inc., the entity contracting with defendant Rental Service Corporation and the holder of a policy of insurance issued by Society Insurance. Subject matter jurisdiction is present. 28 U.S.C. § 1332.

Now before the court is plaintiffs' motion to amend their complaint to add Society Insurance as a defendant, together with a motion to remand the case to state court if the amendment is allowed and diversity jurisdiction is destroyed.

Because I conclude that plaintiffs allege a legitimate cause of action against Society Insurance, I will allow plaintiffs to amend their complaint to include Society as a defendant and remand the case to state court. Also, I will dismiss Midwest Security Life Insurance Company as a "defendant-subrogee" because this party should have been realigned earlier as a plaintiff-subrogee, and as a plaintiff-subrogee, Midwest has already dismissed its claims against defendants. Therefore Midwest should no longer be a party to this action.

Defendants have objected to plaintiffs' proposed amended complaint. They argue that the amendment has been introduced solely for the purpose of defeating diversity jurisdiction. In order to understand this argument, it is helpful to know the procedural history of this case and the claims asserted by the parties against each

other. Therefore, I have set out below the procedural history of the case and the allegations of fact in plaintiffs' proposed amended complaint and the third-party complaint.

## PROCEDURAL HISTORY

Initially, plaintiffs filed their lawsuit in the Circuit Court of Marathon County, Wisconsin on December 8, 2004. The first complaint named Rental Service Corporation and its insurance carrier, Liberty Mutual Insurance Company, as defendants, and Midwest Security Life Insurance Company as a "defendant-subrogee." In January 2005, defendants Rental Service and Liberty Mutual removed the suit to this court, asserting diversity jurisdiction under 28 U.S.C. § 1332.

After removal, defendants Rental Service and Liberty Mutual filed an answer to plaintiffs' complaint. These defendants also filed a third-party complaint against "Rib Mountain Travel Center." On February 4, 2005, defendants amended their third-party complaint to identify Rib Mountain Travel Center as a "limited liability partnership." In addition, they added as a third-party defendant Capitol Indemnity Corporation, the insurance carrier for Rib Mountain Travel Center, LLP.

On February 16, 2005, plaintiffs filed the present motion to amend their complaint to add defendant Society Insurance as a defendant. This insurance company is the insurer of an entity plaintiffs describe as "Rib Mountain Travel Center, Inc." In the course of briefing plaintiffs' motion, defendants discovered that Rib Mountain Travel Center, Inc. and Rib Mountain Travel Center, LLP were two separate entities. (I will refer to these entities as "Inc." and "LLP.") On March 28, 2005, defendants filed an amendment to their amended third-party complaint, adding Inc. and its

insurer, Society Insurance, as third-party defendants.

In the meantime, on March 7, 2005, Midwest Security Life Insurance Company moved to dismiss its claims against all of the defendants. Midwest Security Life had never participated in this action as a defendant, but was identified as a "defendant subrogee" in plaintiff's original and amended complaints. It did not file a response to plaintiff's complaint and plaintiff has not moved for entry of default against it. On March 9, 2005, this court granted Midwest's motion to dismiss voluntarily its claims against all of the defendants.

The present posture of the case is this: Plaintiffs' motion to amend their complaint and remand the case to state court remains a live motion. Defendants' second amended third-party complaint is the operative third-party complaint because Magistrate Judge Stephen Crocker granted defendants leave to file it in his preliminary pretrial conference order dated March 4, 2005. Neither plaintiffs nor any third-party defendant has objected to the amendment. Each third-party defendant has answered the second amended third-party complaint.

In their proposed amended complaint, which incorporates by reference plaintiff's original complaint and a rental and sales agreement attached to defendants' amended third-party complaints, plaintiffs allege the following facts.

## PLAINTIFFS' PROPOSED AMENDED COMPLAINT

Plaintiff Timothy Wimmer is an adult who resides in Wausau, Wisconsin. Plaintiff Merry Wimmer is plaintiff Timothy Wimmer's wife.

Defendant Rental Service Corporation is a foreign corporation with its principal of-

fice in Scottsdale, Arizona, and a registered agent at CT Corporation System in Madison, Wisconsin. Defendant Liberty Mutual Insurance Company is defendant Rental Service Corporation's insurer. It is licensed to do business in Wisconsin and has a registered agent at CT Corporation System in Madison, Wisconsin. Defendant Midwest Security Life Insurance Company is a corporation licensed to do business in the health insurance field in the state of Wisconsin. It has made payments for medical expenses on behalf of plaintiff Timothy Wimmer pursuant to a policy of health insurance it issued to plaintiff.

At all material times, third-party defendant Inc. was engaged in business as a gasoline service station located in Wausau, Wisconsin. At all material times, it had in full force and effect a policy of insurance issued by proposed defendant Society Insurance, a corporation licensed to do business in Wisconsin. Upon information and belief, Society Insurance is incorporated in the state of Wisconsin and has its principal place of business in Fond du Lac, Wisconsin.

On June 21, 2003, plaintiff Timothy Wimmer was operating a scissor lift rented from defendant Rental Service Corporation. The lift tipped over, causing plaintiff Wimmer to suffer severe, permanent and disfiguring injuries, including but not limited to a severe and permanent elbow injury and a leg injury requiring amputation. The incident occurred at 4600 Rib Mountain Drive in Wausau, Wisconsin.

The rental agreement is between defendant Rental Service Corporation and "Rib Mountain Travel" and is dated June 16, 2003. It is signed by plaintiff Timothy Wimmer. The agreement contains two provisions protecting defendant Rental Service Corporation from liability for its own negligence. One is a general indemnity clause covering all losses suffered by Rental Service Corporation arising from a customer's use of its equipment. A second clause requires customers to maintain a general liability insurance policy of at least $1 million. This general liability insurance is to be primary coverage for any injuries or damages sustained by third parties, including employees of the person or entity renting the equipment. In relevant part, the second clause reads:

In addition to the foregoing physical damage insurance for the Equipment, Customer will, at Customer's expense, at all times during the term of this Agreement, maintain in force a commercial general liability insurance policy covering bodily injury/property damage liability on the Equipment in an amount not less than one million dollars ($1,000,000) combined single limit. Such third party liability coverage shall be primary, and not excess or on a contributory basis, and shall provide coverage for liability for injuries and/or damages sustained by any person or persons, agents or employees of Customer, and Customer's indemnity obligations herein.

Defendant Rental Service Corporation failed to properly test, maintain, market and rent the lift and failed to properly warn of safety precautions required by users and the risks and dangers associated with use of the lift. In addition, defendant Rental Service Corporation allowed the lift to leave its possession and control in a defective condition and breached implied and expressed warranties of merchantability.

Upon information and belief, proposed defendant Society Insurance is directly liable to plaintiffs for plaintiffs' first $1,000,000 of damages caused by defendant Rental Service Corporation's negligence pursuant to the rental service contract signed by plaintiff Timothy Wimmer.

## DEFENDANTS' THIRD–PARTY COMPLAINT

In their third-party complaint, defendants allege the following facts:

Defendant Rental Service Corporation is an Arizona corporation with its principal place of business in Scottsdale, Arizona. Upon information and belief, third-party defendant Inc. is incorporated under the laws of the state of Wisconsin with a registered agent and principal place of business located at 4600 Rib Mountain Drive, Wausau, Wisconsin. At all relevant times, it was engaged in the business of a gasoline service station.

Upon information and belief, third-party defendant LLP is a limited liability partnership organized under the laws of the state of Wisconsin with a registered agent and principal place of business located at 1204 Starling Lane, Wausau, Wisconsin. At all relevant times, LLP owned the premises upon which Inc. operated a gasoline service station.

Plaintiff Timothy Wimmer was injured while cleaning the roof above the fuel pumps located on the property owned by LLP in connection with the business of Inc. Pursuant to the contract entered into between third-party plaintiff Rental Service Corporation and Inc., Inc. expressly agreed to indemnify Rental Service Corporation in the event of any claims of injury or damages.

Third-party defendant Capitol Indemnity Corporation had in full force and effect a commercial general liability insurance policy under which it insured LLP for liability for damages caused by its negligent acts or omissions or arising by contract. Third-party defendant Society Insurance, a Wisconsin corporation, had in full force and effect a policy of insurance under which it insured Inc. for liability for damages caused by its negligent acts or omissions or arising by contract.

Third-party defendants Inc. and LLP contributed to the negligence allegedly causing plaintiffs' injuries by failing to provide a safe workplace and by failing to properly maintain and repair the property and structures located on the property on which plaintiff Timothy Wimmer was injured.

## DISCUSSION

■ Because Midwest Security Life Insurance Company has been permitted to dismiss its claims against the defendants, yet still remains in the caption of plaintiffs' proposed amended complaint as a "defendant subrogee," I will start with the question whether plaintiffs may include Midwest Security Life Insurance Company as a defendant in their amended pleading.

Midwest Security Life Insurance Company is alleged to have insured plaintiff Timothy Wimmer and paid certain of his medical expenses. According to Wis. Stat. § 803.03(2)(a), plaintiffs were required to join Midwest as a party to the suit. However, plaintiffs named Midwest as a defendant-subrogee, when they should have named it as a plaintiff-subrogee. *Anderson v. Garber,* 160 Wis.2d 389, 398–399, 466 N.W.2d 221, 224–225 (Ct.App. 1991); *e.g., Gustafson v. Physicians Insurance Co. of Wisconsin, Inc.,* 223 Wis.2d 164, 168 n. 1, 588 N.W.2d 363, 365 n. 1 (Ct.App.1998); *Sampson v. Logue,* 184 Wis.2d 20, 28, 515 N.W.2d 917, 920 (Ct. App.1994).

Once joined as a plaintiff-subrogee, Midwest was entitled to exercise its statutory options under Wis. Stat. § 803.03(2)(b). One of those options is to move to dismiss its claims against the defendants without prejudice. Midwest exercised that option when it moved for dismissal of its claims against defendants. After that motion was

granted, Midwest was no longer a party to this action.

■ I turn then to plaintiffs' motion to amend their complaint to add Society Insurance as a defendant. Fed.R.Civ.P. 15(a) provides that "a party may amend [its] pleading once as a matter of course at any time before a responsive pleading is served" and that otherwise amendments are permissible "only by leave of court." In addition, the rule provides that "leave shall be freely given when justice so requires." Because defendants have filed an answer to plaintiffs' complaint, plaintiffs must obtain leave of the court in order to amend their complaint. A party's motion to amend its complaint may be denied because of undue delay, dilatory motive on the part of the movant, repeated failure to cure previous deficiencies, futility of the amendment and undue prejudice to the opposing party. *Michaels v. Mr. Heater, Inc.*, 2004 WL 1234122 (W.D.Wis. June 1, 2004).

Defendants argue that it is disingenuous for plaintiffs to sue Society Insurance when they have not sued Inc., the entity Society Insurance insures. I disagree.

Plaintiffs may bring a direct action against Society Insurance if they meet both the substantive requirements of Wis. Stat. § 632.24 and the procedural requirements of Wis. Stat. § 803.04(2)(a). *Kenison v. Wellington Insurance Co.*, 218 Wis.2d 700, 704, 582 N.W.2d 69, 71 n. 2 (Ct.App.1998); *see also Decade's Monthly Income & Appreciation Fund v. Whyte & Hirschboeck*, 173 Wis.2d 665, 678, 495 N.W.2d 335, 340 (1993). In direct action cases, the tradition of reading these two statutes together originates from the legislature's desire to make the insurer's liability as broad as possible in accordance with the statutes preceding Wis. Stat. § 632.24, while restricting the ability of the injured party to bring direct action against the insurer in accordance with statutes preceding Wis. Stat. § 803.04(2)(a)[1]. *Frye v. Angst*, 28 Wis.2d 575, 581, 137 N.W.2d 430, 433 (1965).

Section 632.24 evolved initially from the legislature's desire to protect plaintiffs from insolvent defendants in cases arising from the operation of motor vehicles. *Decade's*, 173 Wis.2d at 672, 495 N.W.2d 335. The scope of Wis. Stat. § 632.24 has been substantially broadened as compared to its predecessors. First, the legislature reaffirmed its commitment to impose liability directly on insurers by prohibiting "no-action" clauses. *Id.* at 674, 495 N.W.2d 335. Second, because of a growing public concern over the impact of negligence actions generally, the legislature expanded direct action suits to include all accidents arising from negligence. *Id.* at 675, 495 N.W.2d 335. The broadened scope of the current version of Wis. Stat. § 632.24 reflects the legislature's desire to reduce litigation and the expense of litigation by allowing courts to determine the rights of all parties in a single action, expedite final payment to the injured person, place the burden on the insurance carrier to pay damages to the injured party as a result of the insured's negligence and shield third parties from contractual agreements reached between the insured and the insurer. *Id.*

Nevertheless, other statutes continue to restrict the ability to bring a direct action against insurers for liability imposed by Wis. Stat. § 632.24. The first limitation imposed on Wis. Stat. § 632.24 is that the insurance policy must be delivered or issued for delivery in Wisconsin. Wis. Stat. § 631.01. This limitation is not decisive in

---

1. Wis. Stat. § 632.24 was preceded by Wis. Stat. §§ 85.25, 85.93, and 204.30(4); Wis. Stat. § 803.04(2)(a) was preceded by Wis. Stat. § 260.11.

this case because both Inc. and Society Insurance are incorporated in Wisconsin and have their principal places of business in Wisconsin. It appears fairly certain that the insurance policy between Inc. and Society Insurance was delivered or issued in Wisconsin.

The second limitation imposed on a plaintiff's ability to bring a direct action against an insurer is set out in Wis. Stat. § 803.04(2)(a). *Decade's,* 173 Wis.2d at 678, 495 N.W.2d 335. The relevant part of Section 803.04(2)(a) reads:

> In any action for damages caused by negligence, any insurer which has an interest in the outcome of such controversy adverse to the plaintiff or any of the parties to such controversy, or which by its policy of insurance assumes or reserves the right to control the prosecution, defense or settlement of the claim or action, or which by its policy agrees to prosecute or defend the action brought by plaintiff or any of the parties to such action, or agrees to engage counsel to prosecute or defend said action or agrees to pay the costs of such litigation, is by this section made a proper party defendant in any action brought by plaintiff in this state on account of any claim against the insured. . . .

In other words, § 803.04(2)(a) requires that the insurer in a direct action suit meet at least one of the following criteria before a plaintiff may join the insurer as a defendant: (1) the insurer must have an interest in the outcome of the controversy adverse to the plaintiff or any of the parties; (2) the insurer must assume or reserve the right to control the prosecution, defense or settlement of the action in the insurance policy; (3) the insurer must agree to prosecute or defend the action brought by any party of the action; or (4) the insurer must agree to pay the defendant's litigation costs. *Id.* at 678, 495 N.W.2d 335.

■ In the tradition of reading both Wis. Stat. §§ 632.24 and 803.04(2)(a) together, defendants make a strong argument that the phrase "in any action brought by plaintiff in this state *on account of any claim against the insured*" in Wis. Stat. § 803.04(2)(a) is relevant to actions pursuant to Wis. Stat. § 632.24 and requires plaintiffs to bring a claim against Inc., the insured in this case, if they intend to sue the insured's insurance carrier. Unfortunately for defendants, recent case law holds that a direct action is permitted regardless whether the insured is a party, so long as the insurance policy was issued or delivered in Wisconsin. *Wild v. Subscription Plus, Inc.,* 292 F.3d 526, 532 (7th Cir.2002) (citing *Kenison v. Wellington Ins. Co.,* 218 Wis.2d 700, 710, 582 N.W.2d 69, 73 (Ct.App.1998)) (other citations omitted). Otherwise, the direct action can be maintained only if and so long as the insured remains a party. *Id.; see also, Kenison v. Wellington Insurance Co.,* 218 Wis.2d 700, 710, 582 N.W.2d 69, 73 (Ct. App.1998) (under Wis. Stat. § 803.04(2)(a) plaintiff may "*join* the insurer as a proper party defendant provided that the insured is also a party.") (emphasis in original).

■ Plaintiffs have alleged facts suggesting that they are *entitled* to recover against Inc., which satisfies the substantive criteria of Wis. Stat. § 632.24. First, there is the contract's requirement that Inc. maintain at least $1 million of third-party general liability coverage that is "*primary,* and not excess or on a contributory basis, and shall provide coverage for liability for injuries and/or damages sustained by any person or persons, agents or employees of [Inc.], and [Inc.]'s indemnity obligations herein." If, as plaintiffs assert in the proposed amended complaint, the contract between Inc. and Rental Service Corporation is a valid contract, Society Insurance may be liable to plaintiffs up to

its coverage limits or $1 million, whichever is less.

Second, the rental contract may obligate Inc. to indemnify Rental Service Corporation for its losses resulting from this suit. Although plaintiffs do not bring a claim directly under the general indemnity clause in the contract, the obligation is incorporated under the contract provision asserted in plaintiffs' amended complaint, as noted above. Wisconsin state law recognizes the validity of contractual agreements that require indemnification of a party against its own negligence. *Deminsky v. Arlington Plastics Machinery*, 2003 WI 15, ¶ 22, 259 Wis.2d 587, 657 N.W.2d 411, 420–421 (2003), is particularly helpful because the posture of that case is almost the same as the present case. In *Deminsky*, the injured employee learned during a deposition of his employer's agreement to indemnify the manufacturer of the injuring equipment against losses incurred as a result of the manufacturer's own negligence. *Id.* at ¶ 34. The court allowed the employee to amend his complaint to add his employer and its insurance company as defendants directly liable to the employee under the indemnification agreement. *Id.* Although the case came before the Wisconsin Supreme Court on other grounds, it does show that plaintiffs are entitled to bring action against Inc. Therefore, plaintiffs may bring a direct action against Society Insurance under Wis. Stat. § 632.24. Because plaintiffs have shown they may be entitled to recover against Inc. as a result of provisions in the rental contract, they have satisfied the substantive standards of Wis. Stat. § 632.24.

▇ Plaintiffs also meet the procedural requirements of Wis. Stat. § 803.04(2)(a) set forth above, because Society Insurance could be responsible for paying up to its policy limits or $1 million dollars, whichever is less, should Inc. be obligated to pay for any potential liability of Rental Service Corporation. Therefore, Society Insurance has an interest in the outcome of the litigation that is adverse to that of plaintiffs. Also, as noted above, plaintiffs are likely to prove the insurance policy between Inc. and Society Insurance was either delivered or issued for delivery in Wisconsin. Therefore, plaintiffs have met their statutory obligations to bring a direct action against Society Insurance.

Defendants are incorrect when they assert that plaintiffs must prove plaintiff Timothy Wimmer's own negligence before Inc. can be held responsible to the plaintiffs in this case. Plaintiffs need prove nothing more than that Rental Service Corporation was negligent and that the contract between Rental Service Corporation and Inc. was valid and obligated Inc. to pay all or the first $1 million of damages assessed against Rental Service Corporation.

Furthermore, plaintiffs' failure to include Inc. directly in this suit does not necessarily mean the claim against Society Insurance is in bad faith. Defendants contend in their brief that plaintiff Timothy Wimmer is the sole shareholder of Inc. Plaintiffs may have decided that their interests in Inc. are more important than recovering any obligation due directly from the corporation as a result of this lawsuit. However, plaintiffs' decision does not reduce the amount of payment Inc. may have to make. If plaintiffs are entitled to damages in excess of $1 million and the rental contract is deemed to obligate Inc. to the first $1 million of damages, then Rental Service Corporation will be responsible for paying only the damages in excess of $1 million. Plaintiffs may have decided that the amount of damages they could collect directly from Inc., in light of the policy limits of Society Insurance, is insignificant compared to plaintiffs' other

interests in Inc. But plaintiffs' conflicting interest in making Inc. pay does not mean that plaintiffs do not have a legitimate claim against Inc. and a subsequent, and monetarily significant, right to recover from Society Insurance under Wis. Stat. § 632.24.

Moreover, as noted above, defendants are suing Inc. and Society Insurance in third-party claims, including a contractual claim similar to the one that plaintiffs are asserting. Therefore, defendants will have a strong defense of claim preclusion that will prevent Inc. from forcing defendants to relitigate their obligations under the rental contract should plaintiffs decide later to pursue payments due from Inc. that were not covered by Society Insurance.

Finally, Society Insurance will have goals similar to defendants' in arguing that Rental Service Corporation was not liable to plaintiffs. Only after Rental Service Corporation is found liable to plaintiffs will Society Insurance's claims against defendants become relevant. Any remaining concerns about jurisdictional bias can adequately be screened during voir dire.

## ORDER

IT IS ORDERED that plaintiffs' motion to amend their complaint to include Midwest Security Life Insurance Company as a defendant-subrogee is DENIED; the motion to amend to add Society Insurance as a defendant is GRANTED.

FURTHER, IT IS ORDERED that this case is REMANDED to the Circuit Court for Marathon County, Wisconsin. The clerk of court is directed to return the record of this case to the Circuit Court for Marathon County.